The primary issue presented in this case is whether the facts showed that the defendants were avoiding service of process so that service by publication was authorized under Rule 4.3(c), A.R.Civ.P.
When the defendants failed to answer the plaintiffs' complaint, the court entered a default judgment against them. When the defendants became aware of the judgment, they filed a motion under Rule 60(b), A.R.Civ.P., to set it aside. The court denied their motion and they appeal from that denial.
In August 1986, Ervin and Vibha Fisher, Dr. Ramiah Amaraneni, Bryan Leveritt, and Dr. Lakshmi Gaddam entered into an oral partnership agreement by which they would purchase a business and properties located in Baldwin County, Alabama, namely, the Perdido Winery, in a bankruptcy sale conducted in Mobile, Alabama. Allegedly, the partners agreed amongst themselves that upon the purchase of the bankrupt business its assets would be liquidated and the resulting proceeds would be distributed to the respective partners; however, the evidence tends to show that a dispute arose between the Fishers and the other partners. Amaraneni and the other two partners wanted to run the winery and use its wine and its assets to fund the business; the Fishers apparently wanted to liquidate the winery and distribute its proceeds to the respective partners according to their understanding of the agreement.
On February 20, 1987, Amaraneni and the other two partners filed a complaint against the Fishers in the Circuit Court of Mobile County. In their complaint, Amaraneni and the other two partners alleged that the Fishers had systematically attempted to cause the financial ruin of the winery; furthermore, the plaintiffs requested that the trial court issue a preliminary injunction compelling the defendants to release all the partnership books, records, and accounts to a court-appointed receiver; that the trial court issue an order of dissolution to the partnership; that the plaintiffs, upon dissolution of the partnership, be awarded the assets of the former partnership, and that the plaintiffs, because of alleged bad faith misconduct on the Fishers' part regarding the operation of the partnership, be permitted to continue the business as a new partnership with the plaintiffs as the sole owners.
Pursuant to Rule 4.1(b)(2), A.R.Civ.P., Forest Aubrey was designated as the court's process server. The record shows that from February 24 to March 24, 1987, Aubrey unsuccessfully attempted service of process upon the Fishers at their known residence in Daphne, Alabama. During one of Aubrey's attempts to serve process at their residence, he encountered at the Fishers' residence a gentleman who told him that the Fishers were in California on a business trip. After six (6) unsuccessful attempts to serve process upon the Fishers, Aubrey returned the process to the circuit clerk's office marked "not found."
Amaraneni and the other partners subsequently filed a motion to have service made by publication pursuant to the provisions of Rule 4.3, A.R.Civ.P. In their affidavit filed in support of their motion, the plaintiffs alleged as follows:
 "The defendants are residents of the State of Alabama, residing c/o The Empress Building, Mobile, Alabama or 500 Lincoln Street, Daphne, Alabama and service has been attempted on the said defendants pursuant to the Alabama Rules of Civil Procedure by private process server at both addresses on numerous occasions since February 20, 1987. *Page 86 
Service by private process server, namely, Mr. Forest Aubrey has been returned 'not found' to this Court on March 20, 1987. Affiant is informed and believes, based on such information and belief, particularly facts supplied to the affiant by Forest Aubrey, that the defendants are avoiding service. Accordingly, counsel for the plaintiffs as the affiant pursuant to Rule 4.3 of the Alabama Rules of Civil Procedure asserts that the defendants are avoiding service and requests the Clerk of this Court to direct service of notice to be made by publication in a newspaper of general circulation in Mobile County, Alabama to the defendants, Ervin Fisher and Vibha Fisher, setting forth a summary of the Complaint and requiring the defendants to answer within a period of thirty (30) days after last publication, which publication shall run once a week for four (4) consecutive weeks, all as per the express provisions of Rule 4.3(d) of the Alabama Rules of Civil Procedure."
The court granted that motion. After publication of the notice and a failure by the Fishers to answer, the plaintiffs filed a motion for default judgment on June 17, 1987. On that same day, the trial court conducted an ore tenus hearing to consider the plaintiffs' complaint and their motion for default judgment. On June 29, 1987, the trial court granted the plaintiffs' motion for default judgment and entered an order granting the plaintiffs' requested relief.
On March 28, 1988, the Fishers filed a Rule 60(b)(4), A.R.Civ.P., motion for relief from the default judgment; that motion was subsequently amended on April 11, 1988. The Fishers alleged that they had first became aware of the existence of a default judgment against them on January 27, 1988, when Mrs. Fisher noticed an advertisement in the Mobile Press Register stating that a wine license had been issued to Amaraneni and Gaddam, the owners of the winery. Mrs. Fisher's notice of that newspaper advertisement eventually led her and her husband to discover that they had lost their ownership interest in the winery as the result of a default judgment entered against them by the Circuit Court of Mobile County.
On May 2, 1988, a hearing was conducted by the trial court to consider the Fishers' motion to set aside its default judgment. On September 19, 1989, the trial court denied the motion. On October 5, 1989, the Fishers filed a notice of appeal to this Court.
Rule 60(b), A.R.Civ.P., sets forth six (6) circumstances that serve as grounds upon which a trial court can relieve a party or his representative from a final judgment, order, or proceeding. These six (6) circumstances include the following:
 "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken."
In addressing the procedure that a movant must follow in order to obtain Rule 60(b) relief, this Court stated in Raine v.First Western Bank, 362 So.2d 846, 848 (Ala. 1978):
 "In order for one to obtain 60(b) relief, he must allege and prove one of the grounds set out under the rules [sic], together with a meritorious defense to the action. Taylor v. Taylor, 49 Ala. App. 306, 271 So.2d 503 (1973); Trueblood v. Grayson Shops of Tennessee, Inc., 32 F.R.D. 190
(E.D.Va. 1963). On the other hand if the judgment which forms the basis of the appeal is a void *Page 87 
judgment, then such a judgment will negate the necessity of showing a meritorious defense. Modernage [Homes] v. Wooldridge, 55 Ala. App. 68, 313 So.2d 190 (1975)."
The standard of review applicable to an order granting or denying a Rule 60(b)(4) motion was stated by this Court inSmith v. Clark, 468 So.2d 138, 141 (Ala. 1985):
 "[A] Rule 60(b)(4) motion has a different standard of review on appeal. When the grant or denial turns on the validity of the judgment, discretion has no place for operation. If the judgment is void, it is to be set aside; if it is valid, it must stand. Wonder v. Southbound Records, Inc., 364 So.2d 1173 (Ala. 1978). A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Ibid. "
In that same case, this Court added that "[a]n appeal from an order denying a Rule 60(b) motion presents for review only the correctness of that order," and that on such an appeal "[t]he final judgment is not brought up for review," citing CoosaMarble Co. v. Whetstone, 294 Ala. 408, 318 So.2d 271 (1975).
The Fishers argue that the trial court erred in not granting their Rule 60(b)(4) motion because, they say, the default judgment entered against them was "void" on the ground that the court had never acquired personal jurisdiction over them. Specifically, the Fishers argue that the notice by publication used by the plaintiffs was inoperative because, they say, the plaintiffs had failed to aver in their affidavit in support of their motion for notice by publication "facts" showing the Fishers' avoidance of service of process.[1]
Rule 4.1(a), A.R.Civ.P., states in part:
 "All service of process within this state shall be made as provided in this rule except when service by publication is available pursuant to Rule 4.3. Service within this state under this rule shall include delivery by process server and service by certified mail; and each of the foregoing methods of service shall be deemed to confer in personam jurisdiction."
Furthermore, Rule 4.3(b), A.R.Civ.P., states in part:
 "When the residence of a defendant is known and the action is one in which service by publication is permitted, service of process must first be attempted by one of the methods of service other than publication as is provided in Rule 4.1 [delivery by a process server or service by certified mail], if the defendant is a resident of this state. . . ."
Finally, Rule 4.3(c), A.R.Civ.P., states in part:
 "When a resident defendant avoids service and his present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication."
In the official comments to Rule 4.3(c), it is stated that "more than mere inability to find the defendant is required because of the use of the term 'avoidance' of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication." InFederal Deposit Ins. Corp. v. Sims, 100 F.R.D. 792, 796
(N.D.Ala. 1984), a district court, interpreting Rule 4.3, A.R.Civ.P., stated the following:
 "It is obvious that the draftsmen required proof of 'culpability' or a 'hiding out' by a defendant before suggesting that an in personam judgment can be entered on service by publication."
In Gross v. Loewen, 522 So.2d 306 (Ala.Civ.App. 1988), the court held that a wife's affidavit stating that "the defendant [her husband] is avoiding service, as service attempted by certified mail was returned undelivered" was an insufficient averment of *Page 88 
facts showing that her husband had avoided service of process; therefore, the affidavit did not satisfy the requirement of Rule 4.3(d)(1), and service by publication in that case was improperly allowed by the trial court. Consequently, the trial court's judgment in that case was void, since the court had not acquired personal jurisdiction over the defendant.
In this case, the plaintiffs essentially stated in their affidavit that because the process server had failed in six (6) attempts to serve process upon the Fishers at their residence and had returned the process to the circuit clerk's office endorsed "not found" that such "facts" were sufficient to show avoidance of service on the Fishers' part and to allow the trial court to authorized service by publication. We disagree.
A reading of the plaintiffs' affidavit does indicate that the process server attempted on numerous occasions to serve process on the Fishers at their residence and was unable to serve them because of their absence, an absence that the process server was told was due to the Fishers' presence in California, but these "facts" are not enough to show that the Fishers avoided service of process.[2]
We cannot hold, under the facts of this case, that the conclusory statements made in the plaintiffs' affidavit that the Fishers were avoiding service, coupled with the process server's failed attempts to perfect service of process upon them and his later endorsement of the returned process as "not found," are sufficient to satisfy the requirement of Rule 4.3(d)(1), A.R.Civ.P., so that service by publication was proper.
Based on the foregoing, we conclude that the court never obtained personal jurisdiction over the Fishers and that its entry of a default judgment against them was therefore void. Consequently, the trial court erred in not granting the Fishers' Rule 60(b) motion for relief from the judgment.
The judgment denying the Rule 60(b) motion is, therefore, reversed and the cause is remanded.
REVERSED AND REMANDED
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] See Rule 4.3(d)(1), A.R.Civ.P.
[2] At the hearing held by the trial court to consider the Fishers' motion to set aside the default judgment, Aubrey, the designated process server in this case, testified as follows:
 "Q. Now you've served papers over a ten-year period, haven't you?
"A. Yeah. "
 "Q. And you've come across different instances of people trying to avoid service, haven't you?
"A. Oh, yeah.
 "Q. Did you have any indication this time that these people [the Fishers] were trying to avoid any type of service?
 "A. Not unless that was Mr. Fisher that I was talking to and he said he wasn't so I'll have to take his word for it.
 "Q. Well you don't recognize him here in Court so that wasn't him was it?
"A. No, that wasn't him. Well, now I know it.
"Q. Oh, I understand that.
 "A. I didn't know it then because I can't force a man to show me an I.D.
 "Q. But there's no evidence that you can testify to in the court of them [the Fishers] trying to avoid service in any way whatsoever?
"A. No, sir."