L. CHARLES WRIGHT, Retired Appellate Judge.
In May 1986 the State of Alabama, on behalf of C.L.M. (minor child), filed a complaint for paternity and child support against R.E.L. (putative father) in the Juvenile Court of Perry County. On October 7, 1986, following oral proceedings, the trial court entered an order finding R.E.L. to be the father of the minor child. R.E.L. gave oral notice of appeal at that time. On October 23,1986 he filed a written notice of appeal in the District Court and in the Circuit Court of Perry County.
Testimony was taken in the circuit court on June 6, 1990. The record does not disclose the reason for the lengthy delay. At the close of the State’s evidence, R.E.L. moved for a directed verdict based on the insufficiency of the evidence and the statute of limitations. The trial court granted the motion in open court on June 6, 1990. A written order to that effect was filed in the clerk’s office on July 13, 1990.
On June 29,1990 the State filed a motion to alter, amend, or vacate the judgment. The record does not indicate that any action was taken on that motion.
On October 22, 1990 the State filed a motion for relief from judgment in accordance with Rule 60(b)(4) of the Alabama Rules of Civil Procedure. The State alleged that R.E.L. had failed to timely appeal the district court’s order, thereby rendering the circuit court’s order void for lack of jurisdiction. The trial court’s order denying the motion was filed in the clerk’s office on April 30, 1991. On June 5, 1991, the State filed its notice of appeal with this court.
R.E.L. filed a motion to dismiss the appeal alleging its untimeliness. This court denied the motion.
On appeal the State contends that the trial court erred in refusing to grant its Rule 60(b)(4) motion.
Code 1975, § 26-17-20(a), provides in pertinent part, the following:
“The state of Alabama, the person on the relation of whom the action is brought or the defendant may appeal from any final judgment rendered under the provisions of this chapter. Appeals shall be taken from the juvenile or family court division of either the district or circuit court to the circuit court for a trial de novo and for a jury trial, if demanded by the appellant or the defendant. Written notice of appeal shall be filed with the clerk of the circuit court within 14 days of the date of the order appealed from or the denial of a post trial motion.”
The record clearly indicates that the final judgment in the juvenile court was entered against R.E.L. on October 7, 1986 and that R.E.L.’s written notice of appeal was filed in the circuit court on October 23, 1986, sixteen days later.
The circuit court’s jurisdiction never attached due to R.E.L.’s failure to timely file his notice of appeal with the clerk of the circuit court. Mason v. State ex rel. Prince, 551 So.2d 405 (Ala.Civ.App.1989). The judgment rendered on July 13, 1990 was therefore void due to the circuit *488 court’s lack of jurisdiction. Fisher v. Amaraneni, 565 So.2d 84 (Ala.1990).
When the grant or denial of a Rule 60(b)(4) motion turns on the validity of the underlying judgment, the operation of the trial court’s discretion is of no import. If the judgment is valid it must stand; if it is void it must be set aside. Fisher.
The record clearly shows that the circuit court’s judgment was void. That court, therefore, had no discretion to deny the State’s Rule 60(b)(4) motion. The judgment of the circuit court is reversed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.