Linda **BEASLEY, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**James BEASLEY, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

Civ. A. Nos. 95–A–542–S, 95–A–543–S.

United States District Court, M.D. Alabama, Southern Division.

Aug. 22, 1995.

L. Bratton Rainey, III, Leon G. Duke, Steven Lamar Terry, Sintz, Campbell, Duke & Taylor, Mobile, AL, for Linda Beasley, Dalinda Beasley, James Beasley.

Susan Shirock DePaola, Samford & DePaola, P.C., Montgomery, AL, for Blue Cross and Blue Shield of Alabama.

Redding Pitt, U.S. Attorney, Artur G. Davis, U.S. Attorney's Office, Montgomery, AL, for the U.S., Department of the Army, Alabama Army Nat. Guard, U.S. Army Aviation Center.

## *ORDER*

ALBRITTON, District Judge.

This cause is now before the court on the Motion for Service by Publication filed by

plaintiffs on August 8, 1995. By this motion, brought pursuant to Federal Rule of Civil Procedure 4(e)(1) and Alabama Rule of Civil Procedure 4.3, plaintiffs seek an order that service of defendant, Richard Earl Trimble ("Trimble"), be made by publication in a newspaper of general circulation in Montgomery County, Alabama. The court finds that the motion is due to be DENIED.

The Federal Rules of Civil Procedure state that unless it is contrary to federal law, one of the ways that service may be made upon individuals within a judicial district of the United States is "pursuant to the law of the state in which the district court is located . . ." Fed.R.Civ.P. 4(e)(1). Thus, when a suit is filed in federal district court in the Middle District of Alabama, a plaintiff may serve on a defendant a copy of the complaint and a summons by any means authorized by Alabama law. The question for the court is whether the facts of this case present an occasion where Alabama law would authorize service by publication.

Alabama Rule of Civil Procedure 4.3 describes the circumstances in which service by publication is authorized. Service by publication is available in suits involving claims which are historically equitable involving either property under the control of the court or marital status which is under the control of the court. Ala.R.Civ.P. 4.3(a)(1).[1] Additionally, service by publication may be available, regardless of whether the claim is legal or equitable, in suits where the defendant avoids service of process. Ala.R.Civ.P. 4.3(a)(2). In either case, when the residence of the defendant is known, a plaintiff must first attempt service of process by one of the methods of service other than publication. Ala.R.Civ.P. 4.3(b).

Alabama Rule of Civil Procedure 4.3(c) authorizes service by publication upon a resident defendant who avoids service. The rule provides in pertinent part that

[w]hen a resident defendant avoids service and his present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication.

Ala.R.Civ.P. 4.3(c). Thus, several facts must be shown in order to justify an order authorizing service by publication: (1) that the resident defendant has avoided service; (2) that the present location or residence of the resident defendant is unknown; and (3) that the process server has failed to serve the resident defendant. A plaintiff seeking a court order authorizing service by publication must submit an affidavit in support of a motion for service by publication which avers facts showing avoidance. Ala.R.Civ.P. 4.3(d)(1). The Committee Comments explain that

more than the mere inability to find the defendant is required because of the use of the term "avoidance" of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication. Further, note that publication is only available on motion at which time the plaintiff should bring to the attention of the court those circumstances which, in the opinion of the plaintiff, substantiates plaintiff's contention that the defendant is avoiding service and that the plaintiff is entitled to service by publication.

Committee Comments to Ala.R.Civ.P. 4.3(c).

In the instant case, plaintiffs have supplied the court with an affidavit which evidences some, but not all, of the necessary facts. Plaintiffs aver that a diligent search has been made to locate Trimble's address and/or whereabouts by searching previous address-

---

1. Plaintiffs do not claim that this suit comes within the scope of Ala.R.Civ.P. 4.3(a)(1).

es, the telephone book and city directories.[2] Furthermore, plaintiffs employed a process serve to locate and serve Trimble, but the process server was unable to locate Trimble. From the lack of success that these efforts have had in locating Trimble, the plaintiffs assert that it is apparent that Trimble is hiding and avoiding service of process and that they have no way, other than service by publication, by which to serve Trimble.

Under the facts of this case, this court cannot hold that the conclusory statements made in the affidavit submitted by the plaintiffs that Trimble is avoiding service coupled with the process server's failed attempts to perfect service upon him are sufficient to satisfy the requirements for service by publication. This conclusion is supported by *Fisher v. Amaraneni,* 565 So.2d 84 (Ala. 1990). In *Fisher,* the Alabama Supreme Court explained that an affidavit that stated that a private process server had tried on numerous occasions to serve the defendants and that the plaintiffs believed that the defendants were avoiding service was insufficient to support service by publication because the plaintiffs failed to aver facts showing that the defendants were avoiding process. *Id.* at 85–87. Similarly, the averments in the affidavit filed by the plaintiffs in this case are inadequate. While the affidavit does cite facts that indicate that the present location and/or residence of Trimble is unknown and that the process server was un-

able to complete service, the affidavit contains no facts that support the conclusion that Trimble is responsible for this failure of service because he is hiding from or avoiding it. It could well be that plaintiffs are looking in the wrong places for Trimble or that he has left the area for reasons unrelated to the plaintiffs' suit. Absent some evidence of culpability, the court will not presume that Trimble is avoiding service simply because the plaintiffs have not located him.

For the reasons above, the court finds that plaintiffs' Motion for Service by Publication is due to be, and hereby is, DENIED.

Plaintiffs are given **until September 15, 1995** to perfect service on Richard Earl Trimble or, in the absence of a showing at that time of good cause for the failure, this action will be dismissed without prejudice as to that defendant, pursuant to Rule 4(m), *Fed.R.Civ.P.,* and the case will proceed against the United States of America alone.

---

**2.** Plaintiffs fail to further explain which directories were searched.