In March 2002, Barbara White brought a civil action in the Jefferson Circuit Court against Christopher Wagner, Stuart Gregory Wilkins, and various fictitiously named defendants, seeking an award of damages with respect to an alleged motor-vehicle collision that occurred in March 2000. Wilkins answered the complaint after having been served, and a nonfinal summary judgment in his favor was entered in September 2003. However, a final judgment was entered by default in February 2004 against Wagner, who had been served by publication, and the trial court subsequently denied a motion for relief from that default judgment, filed in October 2005; that motion had asserted that the default judgment was void for lack of personal jurisdiction.[1] Wagner appeals from the denial of his motion for relief from that default judgment.
 "A trial court's decision to deny a motion, filed pursuant to Rule 60(b), Ala. R. Civ. P., for relief from a final judgment is itself a final judgment that will support an appeal; however, the only matter reviewable in such an appeal is the propriety of the denial. Here, the defendant's motion for relief from the judgment asserted grounds cognizable under subsection (4) of Rule 60(b), which authorizes relief on the ground that `the judgment is void'; under Alabama law, a judgment is Void' within the scope of that subsection `only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.' Although a trial court's ruling on a motion filed pursuant to Rule 60(b) will generally be reversed only upon a showing of an abuse of discretion, a motion attacking the underlying judgment as void is subject to a different standard of review: `If the judgment is void, it is to be set aside; if it is valid, it must stand.'"
Williams v. Williams, 910 So.2d 1284, 1286
(Ala.Civ.App. 2005) (citations omitted).
The record reveals the following pertinent facts. Service of the summons and complaint upon Wagner was first attempted by the trial court clerk at an address in Birmingham that had been supplied by counsel for White; however, the case-action-summary sheet bears a notation that that attempt failed because Wagner had moved from that address. After the trial court had dismissed the claim as to Wagner for lack of service, White's counsel moved for reinstatement, which was granted; however, an alias summons that was sent to another Birmingham address supplied by White's counsel was returned to the trial court clerk's office because Wagner had moved from that address. White then sought and obtained two orders permitting service of the summons and complaint upon Wagner through the use of two separate special process servers, one in Texas and one in Oregon (two states in which Wagner was found to have had addresses); however, both process servers indicated on separate declaration forms that they had been unable to locate Wagner *Page 460 
at the Texas and Oregon addresses, respectively.
In September 2004, White filed a motion for service by publication. At the time White's action was filed in March 2002, Rule 4.3(a)(2), Ala. R. Civ. P., which governs procedure with respect to service by publication, stated, in pertinent part, that the rule applied "[t]o a claim, whether legal or equitable, against a defendant who avoids service ofprocess as described in subparagraph (c)" of the rule (emphasis added).[2] The former version of subparagraph (c) of Rule 4.3 provided, in pertinent part, that
 "[w]hen a resident defendant avoids service
and that defendant's present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication."
(Emphasis added.) Similarly, Rule 4.3(d)(1), Ala. R. Civ. P., as it read at the commencement of this action, provided that before service could be made by publication "in an action . . . where the defendant avoids service," a party or his attorney was required to file an affidavit "averring that service of summons or other process cannot be made because . . . the defendant avoids service, averring facts showing suchavoidance" (emphasis added).
In her motion for service by publication, White asserted that Wagner was avoiding service as described in Rule 4.3 "by changing his residence." However, the affidavit filed by White's counsel in support of the motion for service by publication merely recited his office's efforts to obtain Wagner's various addresses and discussed the failure of the two special process servers to effect personal service. Apart from White's bare statement that Wagner's residential moves amounted to avoidance of service, neither the motion nor counsel's affidavit set forth any facts tending to show that Wagner had undertaken any relocation for the purpose of avoiding personal service in White's action. Nevertheless, White's motion was granted, and notice of the pending action was published in a Jefferson County legal periodical for four successive weeks, after which White moved for and obtained a judgment by default against Wagner.
In his appeal from the order denying relief from that judgment, Wagner contends (a) that White did not demonstrate that Wagner was "avoiding" service, and (b) that Wagner was not a resident of Alabama at the time White moved for service by publication and, therefore, could not properly have been served in that manner. We conclude that resolution of the first of those issues is dispositive of the appeal, and, accordingly, we do not address the parties' contentions as to the second issue.
In Fisher v. Amaraneni, 565 So.2d 84 (Ala. 1990), the Alabama Supreme Court reversed a trial court's order denying a motion for relief from a default judgment that had been entered against two partners who resided at the same address and who had been served by publication. In that case, a special process server that had been appointed by the trial court made six attempts to personally serve the summons and complaint upon the partners, but the partners were not at their residence during *Page 461 
any of those attempts; on one of those occasions, a third party had informed the process server that the partners were on a business trip to California. 565 So.2d at 85. The plaintiffs' attorney in that case had averred in his affidavit in support of the plaintiffs' motion for service by publication merely that he believed, and had been informed by the process server, that the partners were avoiding service. Id. at 86. In reversing the trial court's denial of relief from the default judgment, the Alabama Supreme Court reasoned:
 "In the official comments to Rule 4.3(c), it is stated that `more than mere inability to find the defendant is required because of the use of the term "avoidance" of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication.' In Federal Deposit Ins. Corp. v. Sims, 100 F.R.D. 792, 796 (N.D.Ala. 1984), a [federal] district court, interpreting Rule 4.3, [Ala.] R. Civ. P., stated the following:
 "`It is obvious that the draftsmen required proof of "culpability" or a "hiding out" by a defendant
before suggesting that an in personam judgment can be entered on service by publication.'
 ". . . .
 "In this case, the plaintiffs essentially stated in their affidavit that because the process server had failed in six (6) attempts to serve process upon the [partners] at their residence and had returned the process to the circuit clerk's office endorsed `not found' that such `facts' were sufficient to show avoidance of service on the [partners'] part and to allow the trial court to authorize[] service by publication. We disagree.
 "A reading of the plaintiffs' affidavit does indicate that the process server attempted on numerous occasions to serve process on the [partners] at their residence and was unable to serve them because of their absence, an absence that the process server was told was due to the [partners'] presence in California, but these `facts' are not enough to show that the [partners] avoided service of process.
 "We cannot hold, under the facts of this case, that the conclusory statements made in the plaintiffs' affidavit that the [partners] were avoiding service, coupled with the process server's failed attempts to perfect service of process upon them and his later endorsement of the returned process as `not found,' are sufficient to satisfy the requirement of Rule 4.3(d)(1), [Ala.] R. Civ. P., so that service by publication was proper."
565 So.2d at 87-88 (emphasis added and footnote omitted). To like effect are this court's holdings in McBrayer v. HokesBluff Auto Parts, 685 So.2d 763, 768 (Ala.Civ.App. 1996), and Kanazawa v. Williams, 838 So.2d 392, 395
(Ala.Civ.App. 2002).
In this case, the trial court entered an order permitting service upon Wagner by publication solely on a showing that White's counsel had unsuccessfully attempted personal service at two Birmingham addresses he had determined to be possible addresses for Wagner; that a process server had attempted personal service at a location in Texas but had determined that Wagner had moved from that location; and that a different process server had attempted personal service at a location in Oregon but had determined that Wagner had moved from that location as well. Although the diligent efforts of White's counsel and his agents to locate Wagner in an effort to serve him personally are certainly commendable, our Rules of Civil Procedure, *Page 462 
in mandating that "avoidance" of service be shown, simply require more from a party seeking service by publication than a mere showing that a defendant is quite difficult to locate or is merely exercising rights to relocate within the boundaries of the United States. Had the statements in the affidavit given by White's counsel supported the inference that Wagner had moved from Alabama, moved to and from Texas, or moved from Oregon with notice of the pendency of the action, the trial court might well have acted properly in ordering service by publication; however, the motion and supporting documents submitted by White do not support a conclusion that Wagner's conduct was culpable or amounted to hiding out. SeeFisher, 565 So.2d at 87.
Based upon the foregoing facts and authorities, we conclude that the trial court erred in denying Wagner's motion for relief from the trial court's default judgment in that that judgment was void for lack of personal jurisdiction. The trial court's order denying Wagner's motion for relief from the default judgment is reversed, and the cause is remanded with instructions to enter an order granting Wagner's motion, to vacate that default judgment, to vacate the order granting White's motion to serve Wagner by publication, and to conduct such other or further proceedings as may be consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.
[1] Although Rule 60(b), Ala. R. Civ. P., generally requires that motions for relief from a judgment must be filed within a "reasonable time,'' the Alabama Supreme Court has held that "a motion for relief from a void judgment is not governed by the reasonable-time requirement of Rule 60(b)." Ex parte FullCircle Distribution, L.L.C., 883 So.2d 638, 643
(Ala. 2003).
[2] Rule 4.3, Ala. R. Civ. P., was amended effective August 1, 2004. However, because White's action was commenced before that date, the amended rule does not apply in this action.See Lennon v. Petersen, 624 So.2d 171, 172
(Ala. 1993).