THOMPSON, Presiding Judge.
Larry Lovell appeals from a judgment of the Baldwin .Circuit Court (“the. trial court”) denying his motion, filed pursuant to Rule 60(b)(4), Ala. R. Civ. P., to set aside the trial court’s default judgment entered against him.
On August 16,2005, Allan Costigan filed in the trial court a complaint alleging that Lovell had borrowed $18,000 from him and that Lovell had failed to make payments on that loan. Costigan’s attorney attempted to serve Lovell with process via certified mail. However, that attempted service was returned with the notation “FORWARDING ORDER EXPIRED.” (Capitalization in original.) The case-action-summary sheet also contains a notation that attempted service was .unsuccessful because “return not found.”
On April 7, 2006, Costigan filed in the trial court a motion requesting service of process by- publication. Costigan attached to that motion the affidavit of his attorney, which states, in part:
“The address used [to attempt to serve Lovell] was the only address known by [Costigan] and it was the last one used in correspondence to [Lovell]. In the ensuing months, attempts have . been made to ascertain [Lovell’s] place of residence through telephone and internet. It is known that..[Lovell] still resides in this area.”
The trial court granted Costigan’s motion and ordered that notice of the proceedings be. published once, a week for four consecutive weeks in The Foley Onlooker, a weekend newspaper circulated in Baldwin County. Pursuant, to the trial court’s order, notice of the proceedings was published in The Foley Onlooker on August 12, 2006, August 19, 2006, August 26, 2006, and September 2,. 2006. Lovell never responded to those notices. Thereafter, the clerk of the trial court entered a “service notice” indicating that Lovell had received service of process on September 2, 2006.
On November 17, 2006, Costigan filed an application for the entry of a default judgment. The trial court granted that application on December 18, 2006, and entered a default judgment against Lovell.
On March 16, 2016, Lovell filed a motion to set aside the default..judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P.[1] In support of his motion, Lovell argued that Costigan had not properly served him with process and that, in the absence of proper service of process, the trial court never obtained personal jurisdiction over him. Thus, Lovell argued, in the absence of personal jurisdiction, any judgment entered by the trial court was void and was due to be vacated. The trial court denied Lovell’s motion, and Lovell timely appealed.
“A trial court’s ruling on a Rule 60(b)(4) motion is subject to de novo review. Bank of America Corp. v. Edwards, 881 So.2d 403 (Ala.2003). In Bank of America, supra, our supreme court stated:
*1132 “ ‘ “ ‘The standard of review on appeal from the dénial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment,- as under Rule 60(b)(4), discretion has -no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala.1989).’ ” ’
“881 So.2d at 405, quoting Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So.2d 655, 657 (Ala.2001), quoting in turn Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala.1991).”
Nichols v. Pate, 992 So.2d 734, 736 (Ala.Civ.App.2008).
It is axiomatic. that “‘[a] judgment rendered against a defendant in the absence of personal jurisdiction, over the defendant is void.’” Campbell v. Taylor, 159 So.3d 4, 11 (Ala.2014) (quoting Horizons 2000, Inc. v. Smith, 620 So.2d 606, 607 (Ala.1993)). It is equally axiomatic that ‘“[o]ne of the requisites of personal jurisdiction over a defendant is “perfected service of process giving notice to the defendant of the suit being brought.””’ Austin v. Austin, 159 So.3d 753, 759 (Ala.Civ.App.2013) (quoting Horizons 2000, Inc. v. Smith, 620 So.2d at 607, quoting in turn Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d 880, 884 (Ala.1983)). Thus, for purposes of resolving this appeal, we must determine whether service of process by publication was proper so as to give the trial court personal jurisdiction over Lovell. If service of process was not proper, then the trial court never obtained personal jurisdiction over Lovell, and its default judgment would be void and would be due to be set aside.
Rule 4.3(a)(2), Ala. R. Civ. P., provides, in part, that a defendant in an action involving legal claims may be served by publication when that defendant “avoids service of process as described in subdivision (c) of this rule.” Subdivision (c) of Rule 4.3 provides, in part:
“When a defendant avoids service and that defendant’s present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason'‘therefor on the process arid returned it to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication'.-..; The mere fact of failure of service is not sufficient evidence of avoidance, and the affidavit required in subdivision (d)(1) of this rule must aver specific facts of avoidance.”
(Emphasis added.)
Subdivision (d)(1) of Rule 4.3 provides, in part:
“Before service by publicatiori' can be made in an action ... where the defendant avoids service, an affidavit of a party or the party’s ^counsel must be filed with the court averring that service of summons or other process cannot be made because .. .- the -defendant avoids service, averring facts showing such avoidance.”
(Emphasis added.)
Thus,
“[s]ections (a)(2), (c), and (d)(1) of Rule 4.3 permit service of a resident defendant by publication only when the defendant avoids service. The committee comments to Rule 4 ... support this conclusion. The, committee comments to Rule 4.3(c), state: .
“‘[M]ore than mere inability to find the defendant is required because of *1133 the use of the term “avoidance” of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication.’ ”
McBrayer v. Hokes Bluff Auto Parts, 685 So.2d 763, 768 (Ala.Civ.App.1996) (footnote omitted).
In Hokes Bluff, the plaintiff filed a motion requesting service .of process by publication after it- unsuccessfully attempted to serve the defendant by certified mail. The affidavit accompanying the plaintiffs motion stated, in part: “ ‘[T]he defendant ... cannot be located by the Sheriff of Etowah County, Alabama; ... the whereabouts of the said [defendant] is unknown and cannot be ascertained after reasonable effort....’” Hokes Bluff, 685 So.2d at 764. The trial court in that case granted the plaintiffs motion and, after the defendant failed to respond to the published notices, entered a default judgment. against the defendant. The defendant filed a Rule 60(b) motion in which he alleged that the default judgment was void for lack of personal jurisdiction; that motion was denied.
On appeal, this court held that, because the affidavit submitted in support of the plaintiffs motion did not show that the defendant was avoiding service, service of process had not been proper and that, as a result, the trial court in that case never obtained personal jurisdiction over the defendant. Id. at 768. Accordingly, we reversed the judgment denying the defendant’s Rule 60(b).motion and remanded the cause for the trial court in that case to enter a judgment vacating the default judgment. Id.
Similarly, in Wagner v. White, 985 So.2d 458 (Ala.Civ.App.2007), White filed a motion requesting service of process by publication. Before filing that motion, White had- unsuccessfully attempted to serve Wagner at two different Alabama addresses and had also, without success, employed two separate process servers to attempt to serve Wagner in Texas and Oregon, where Wagner was found to have had addresses. White’s attorney submitted an affidavit indicating the efforts made to serve Wagner and stating that “Wagner’s residential moves amounted to avoidance of service.” Id. at 460. However, that affidavit set forth no facts indicating that Wagner had relocated at any time for the purpose of avoiding personal service. The trial court in that case entered a default judgment against Wagner. Wagner filed a Rule 60(b) motion seeking relief from the default judgment on the ground that the trial court in that case lacked personal jurisdiction over him; that motion was denied.
On appeal, this court held that the trial court in that case had erred in denying Wagner’s Rule 60(b) motion because the judgment had been entered in the absence of personal jurisdiction .over Wagner. Wagner, 985 So.2d at 462. Although we recognized the “diligent efforts of White’s counsel” to locate Wagner, we held that “our Rules of Civil Procedure, in mandating that ‘avoidance’ of service be shown, simply require more from a party seeking service by publication than a mere showing that a defendant is quite difficult to locate....” Id. at 461-62. Thus, as we did in Hokes Bluff, we reversed the judgment denying Wagner’s Rule 60(b) motion and remanded the cause with instructions' for the trial court to vacate the default judgment. Id.
In the present case, Costigan’s attorney’s affidavit states that he attempted to serve Lovell with process at Lovell’s only known address and that he had made attempts to ascertain Lovell’S residence via telephone and the Internet. It may be, though we cannot know with certainty, *1134 that Costigan’s attorney, as did White’s attorney in Wagner, went to great lengths to locate Lovell. However, even if he did, there is simply -no allegation that Lovell attempted to avoid service of process, nor are there any facts set forth in Costigan’s attorney’s affidavit that would support such a finding. Our caselaw and Rule 4.3 are clear that an affidavit submitted in support of a motion requesting service of process by publication must set forth facts showing that the defendant has avoided service. Service of process by publication is not proper simply because the defendant may be difficult to locate; there must be some element of culpability on the part of the defendant, and that culpability must be shown by facts set forth in an affidavit submitted in support of a motion requesting service of process by publication. Hokes Bluff, 685 So.2d at 768. See also Nichols v. Pate, 992 So.2d 734, 737 (Ala.Civ.App.2008).
Because there is no evidence showing that Lovell avoided service of process, we hold that service of process by publication was improper and, thus, that the trial court never acquired personal jurisdiction over Lovell. In the absence of personal jurisdiction, the default judgment entered by the trial court is void and should have been set aside pursuant to Lovell’s Rule 60(b) motion. Accordingly, we reverse the trial court’s judgment denying Lovell’s Rule 60(b) motion and remand the cause for the trial court to enter a judgment granting the motion and vacating the default judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. Rule 60(b)(4) provides that a court may relieve a party from a final judgment if that judgment is void. Although Lovell did not file his Rule 60(b) motion Until moré than eight years after. the trial court had entered the default judgment, Rule 60(b)’s "reasonable-time limitation is not applicable to actions seeking to set aside a void judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P.” Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 642 (Ala.2003).