241 So.2d 324

Norwood HODGES, a Member of the Alcoholic Beverage Control Board; James E. Caldwell, a Member of the Alcoholic Beverage Control Board; and Spencer H. Robb, Administrator of the Alcoholic Beverage Control Board,

v.

David R. ARCHER, as Judge of the Circuit Court of Madison County, Alabama.

8 Div. 401.

Supreme Court of Alabama.

Nov. 19, 1970.

Hill, Robison, Belser & Phelps, Montgomery, for petitioners.

458

David R. Archer, pro se.

HARWOOD, Justice.

Norwood Hodges and James E. Caldwell, as members of the Alcoholic Beverage Con-trol Board, and Spencer H. Robb, as Administrator of said Board, filed in this court a sworn petition for a writ of mandamus seeking to require Hon. David R. Archer, as Judge of the Circuit Court of Madison County, to expunge and hold for naught an order issued by Judge Archer whereby forty-eight cases of whiskey seized as contraband liquor by law enforcement officers were ordered to be returned by agents of the Board to the party from whom the liquor was seized.

The petition asserted that the order was issued without notice to the petitioners, without any hearing, and that the only document or pleading of any nature appearing in the record of the Circuit Court pertaining to the action of the Circuit Court was the order of the court ordering the return of the seized whiskey.

Pursuant to such petition, this court issued a rule nisi to Judge Archer directing him to set aside his order of 24 March 1970, and that he also issue an order to Billy R. Jenkins, from whom the liquor was seized, to return the same to the petitioners.

Judge Archer has filed his sworn answer to the petition.

From the pleadings and exhibits attached thereto, and briefs and argument of counsel, we gather that one Billy R. Jenkins, while driving a panel truck, was arrested by officers in Madison County. Forty-eight cases of whiskey, bearing revenue stamps of the State of Missouri only were found in the truck. Jenkins was charged with transporting five gallons of illegal whiskey. The whiskey was seized and stored in a building of the Board.

At his trial in the Madison County Court on 19 March 1970, the defendant Jenkins was "discharged."

On 24 March 1970, Judge Archer entered the order here in question. The Clerk of the Circuit Court of Madison County has.

certified that said order constitutes the only document of record in the proceedings.

In his answer the respondent asserts three grounds as answer to the rule nisi.

First, respondent asserts that his order of 24 March 1970, is a final order and that more than thirty days had elapsed before the filing of the petition in this court; that therefore the order had become final and was beyond the power of the court below to modify.

Such allegation in no wise controverts the allegation in the petition that the petitioners were given no notice, and accorded no hearing in the proceedings leading to the issuance of the order.

Where it appears on the face of the record that a judgment is void, either from want of jurisdiction of the parties or the subject matter, it is the duty of a court on application of a party having an interest immediately involved to vacate the void order, judgment, or decree at any time subsequent to its rendition. McDonald v. Lyle, 270 Ala. 715, 121 So.2d 885. Code provisions relating to valid or voidable judgments or orders cannot be deemed applicable to *void* court orders since a void court order is a complete nullity. A person's rights should not be destroyed or diminished in a court of justice unless he be given a full opportunity to appear and vindicate them. Boswell v. Boswell, 280 Ala. 53, 189 So.2d 854.

In paragraph 2 of his answer respondent asserts that the liquor is referred to in the writ issued by this court as "untaxed liquor" and that under the laws of Alabama "liquors are untaxable." Without ascribing merit to this contention, we note that the petition on which the rule nisi was issued describes the liquors as "untaxed and contraband."

It is clear from the record and briefs that the liquor bore tax stamps only from the State of Missouri. Respondent in brief asks how could the liquor "be considered contraband when State stamps were affixed thereto?" The answer of course is that unless the liquor bore Alabama revenue stamps or identification as described in Title 29, Code of Alabama 1940, or was exempt therefrom for one of the reasons set out in said chapter, it must be considered as contraband.

In his order of 24 March 1970, respondent recites that:

"* * * the County Court of Madison County Alabama, has ruled that the whiskey was unlawfully taken from said Billy R. Jenkins."

The certified docket sheet of the Madison County Court shows merely that Jenkins was discharged upon his trial in that court. We find no ruling by that court that the whiskey was unlawfully taken from Jenkins.

Both parties agree that the basis of Jenkins' discharge in the County Court of Madison County was that court's conclusion that the liquor was seized as a result of an unlawful search of Jenkins' truck. Even so, if the liquor was in fact contraband, Jenkins had no right to have the liquor returned to him. Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663; United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59.

But above all, the contentions of the respondent under Paragraph 2 of his answer, are irrelevant in that without notice to petitioners, and a hearing, the respondent was without jurisdiction to enter the order of 24 March 1970.

Lastly, respondent asserts that under that part of our rule nisi directing that he issue an order requiring Jenkins to return the liquor to petitioners, imposes on him an act impossible to execute in that he has no knowledge of the whereabouts of Jenkins, and for aught appearing Jenkins is not a resident of Alabama.

The order to be issued to Jenkins should be in the nature of a show cause order, that is, that he return the liquor or

show cause why he should not. Implicit in such procedure is that Jenkins be served, and be given an opportunity to be heard. The matter of locating and serving Jenkins would be on the Sheriff.

It appearing that the respondent's answer fails to show any cause why a peremptory writ should not be issued, it is ordered that a peremptory writ be issued commanding the respondent as Judge of the Circuit Court of Madison County to set aside his order of 24 March 1970, and further that he issue an order to Jenkins to return said whiskey to the petitioners or show cause why he should not do so.

Peremptory writ granted.

MERRILL, BLOODWORTH, MADDOX and McCALL, JJ., concur.