The State of Alabama condemned and forfeited certain property belonging to William Donnie Ashley. This condemnation occurred on June 11, 1991, and was accomplished by a consent judgment.
Thereafter, almost two years after the consent judgment, Ashley sought relief from the judgment, pursuant to Rule 60(b)(4), A.R.Civ.P. The trial court denied the relief requested because it found that the Rule 60(b) motion was untimely and that the grounds asserted were not valid.
Ashley appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6). This court agrees with the trial court and affirms.
Quite frankly, Ashley's brief is not in compliance with Rule 28, A.R.A.P.
We note that a motion filed under Rule 60(b)(4) need only be filed within a reasonable time. Marshall v. Mid-State Homes,Inc., 468 So.2d 131 (Ala. 1985); McNutt v. Beaty, 370 So.2d 998
(Ala. 1979). However, under the facts of this case, this court cannot say that when Ashley filed his Rule 60(b)(4) motion almost two years after the entry of the consent judgment, it was *Page 8 
filed within a reasonable time. Hence, no error by the trial court.
It should be noted that a judgment is void, pursuant to Rule 60(b)(4), only if the court that rendered the judgment lacked jurisdiction over either the subject matter or the parties.McNutt, 370 So.2d 998. Ashley failed to demonstrate that the court entering the consent judgment lacked jurisdiction over either the subject matter or the parties.
We have reviewed the record on appeal and find that it contains a copy of the "consent to forfeiture" dated June 4, 1991. This "consent to forfeiture" listed the personal property to be forfeited and was signed by Ashley, his attorney, and the assistant district attorney handling the forfeiture proceeding. The record also contains the transcript of the hearing held on June 4, 1991, wherein the judge asked Ashley if he had agreed to enter a consent judgment for the condemnation of certain personal property and if he had discussed this matter with his attorney. Ashley answered both of these questions in the affirmative.
This court has previously recognized that Rule 60(b) is an extraordinary remedy and that it cannot be used for the purpose of assisting a party in obtaining relief from the effects of his free, calculated, and deliberate choices. Murray v.Dempsey, 555 So.2d 1090 (Ala.Civ.App. 1989); Porter v. MobilePulley Machine Works, 507 So.2d 529 (Ala.Civ.App. 1987).
In view of the above, we find no abuse of discretion on the part of the trial court in denying the Rule 60(b) motion.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.