Charles McBrayer appeals from the denial of his Rule 60(b)(4), Ala.R.Civ.P., post-judgment motion seeking to set aside a default judgment.
In 1984, McBrayer purchased an automobile from Hokes Bluff Auto Parts ("Hokes Bluff") for $6,000. According to McBrayer's affidavit testimony, shortly before the purchase, he drove the automobile to Southtrust Bank to get a loan for the purchase price. Before McBrayer drove the car to the bank, he signed a form "so [the salesman] would know he would bring the car back." McBrayer did not receive a copy of this form. McBrayer then borrowed $6,000 from Southtrust to purchase the car. He gave Hokes Bluff a check from Southtrust and received a receipt for the automobile showing that he had paid in full.
On February 14, 1985, Hokes Bluff filed a complaint in the Etowah County District Court, alleging that McBrayer did not pay a promissory note. Hokes Bluff sought an allegedly unpaid balance of $1385, plus interest, attorney fees, and costs. Hokes Bluff tried to serve McBrayer with the summons and complaint by certified mail at a Centre, Alabama, post office box address. The postal service returned the certified letter on April 8, 1985, marked "unclaimed."[1] The record does not contain any evidence to show that Hokes Bluff attempted personal service by means of a process server.
On April 17, 1985, Hokes Bluff filed a motion requesting the district court to allow service by publication. This motion was accompanied by the affidavit of Hokes Bluff's attorney, which stated, in pertinent part:
 "[T]he defendant, Charles A. McBrayer cannot be located by the Sheriff of Etowah County, Alabama; . . . the whereabouts of the said Charles A. McBrayer is unknown and cannot be ascertained after reasonable effort, and . . . the said defendant is over the age of twenty-one years."
The court granted Hokes Bluff's motion for service by publication, but McBrayer failed to respond to the notices published in the Gadsden Times, a newspaper of general circulation in Etowah County. Hokes Bluff applied for a default judgment and, on October 18, 1985, the district court entered a default judgment against McBrayer for the sum of $1,744.10.
In December 1993, nearly ten years after the purchase of the automobile, McBrayer's son applied for a loan, intending to use a parcel of real property owned by McBrayer as collateral. The lender denied the loan application because it discovered that Hokes Bluff had obtained the default judgment against McBrayer.
Soon after the loan denial, McBrayer hired an attorney to investigate the matter. On May 5, 1995, McBrayer filed a Rule 60(b)(4), Ala.R.Civ.P., motion in the Etowah County District Court seeking to set aside the default judgment. McBrayer alleged that the default judgment was void for lack of proper service. The district court, without holding a hearing, denied McBrayer's motion. McBrayer appealed to the Etowah County Circuit Court. The circuit court also denied McBrayer's motion to set aside the default judgment without holding a hearing. McBrayer appealed to this Court.
The issue on appeal is whether the circuit court erred in denying McBrayer's Rule 60(b)(4) motion. Initially, we address Hokes Bluff's allegation that McBrayer's request for relief pursuant to Rule 60(b)(4) was untimely.
 I. Timeliness A. Rule 60(b)(4) and the Reasonable Time Limit
In 1973, Alabama adapted the Federal Rules of Civil Procedure for use in Alabama *Page 765 
Courts. Rule 1, Ala.R.Civ.P. The Alabama Rules and the Federal Rules both provide that a Rule 60(b)(4) motion "shall be made within a reasonable time." Our Supreme Court has noted this time limitation without analysis. Greene v. Connelly,628 So.2d 346 (Ala. 1993); see also Marshall v. Mid-State Homes, Inc.,468 So.2d 131 (Ala. 1985) and McNutt v. Beaty, 370 So.2d 998
(Ala. 1979). However, we recognize that persuasive authority now indicates that the "reasonable time" limitation should not be applied to actions seeking to set aside void judgments pursuant to Rule 60(b)(4), Ala.R.Civ.P.
"[Our Supreme Court has] said that since the Alabama Rules of Civil Procedure are modeled on the Federal Rules of Civil Procedure, federal decisions are highly persuasive when we are called upon to construe the Alabama rules. Assured InvestorsLife Ins. Co. v. National Union Associates, 362 So.2d 228
(Ala. 1978)." City of Birmingham v. City of Fairfield,396 So.2d 692, 696 (Ala. 1981). The Court has also said that "[t]he Alabama Rules of Civil Procedure are based upon, and are virtually identical to, the Federal Rules of Civil Procedure. A presumption therefore, arises that cases construing the federal rules are authority for construing the Alabama Rules." AlabamaFederal Savings and Loan Assoc. v. Howard, 534 So.2d 609
(Ala. 1988).
Review of the federal law applying Rule 60(b)(4),Fed.R.Civ.P., shows that the majority of federal circuits have rejected a literal application of the language in Rule 60(b) and held that the rule does not impose a time limitation on actions to set aside void judgments. The United States Courts of Appeals for the First, Fifth, Seventh, Ninth, Tenth, Eleventh, and District of Columbia Circuits have held that the time for bringing a Rule 60(b)(4) motion is not constrained by reasonableness. See Hertz Corp. v. Alamo Rent-A-Car, Inc.,16 F.3d 1126 (11th Cir. 1994), and 11 C. Wright A. Miller,Federal Practice and Procedure § 2862 (1973).
The rationale expressed in 11 C. Wright A. Miller,supra, is the usual basis for the federal interpretation that Rule 60(b)(4) is not subject to a reasonable time limitation.
 "[T]here is no time limit on an attack on a judgment as void. The one-year limit applicable to some Rule 60(b) motions is expressly inapplicable, and even the requirement that the motion be made within a 'reasonable time,' which seems literally to apply to motions under Rule 60(b)(4), cannot be enforced with regard to this class of motion. A void judgment cannot acquire validity because of laches on the part of the judgment debtor."
Id. at 200.
In addition to the federal authority, we note that several states have used a similar rationale to hold that there is no limit on the time to commence an action to set aside a void judgment. See, e.g., Allred v. Tucci, 85 N.C. App. 138,354 S.E.2d 291 (1987); Falkner v. Amerifirst Federal Savings andLoan Assoc., 489 So.2d 758 (Fla.Dist.Ct.App. 1986); Garcia v.Garcia, 712 P.2d 288 (Utah 1986); Reynaud v. Koszela,473 A.2d 281 (R.I. 1984); and Barkley v. Toland, 7 Kan. App. 2d 625,646 P.2d 1124 (1982).
Finally, we recognize that before the enactment of the Alabama Rules of Civil Procedure, a party seeking to vacate a void judgment could file a request for relief "at any time subsequent to its rendition". In Hodges v. Archer, 286 Ala. 457, 241 So.2d 324 (1970), our Supreme Court stated:
 "Where it appears on the face of the record that a judgment is void, either from want of jurisdiction of the parties or subject matter, it is the duty of a court on application of a party having an interest immediately involved to vacate the void order, judgment, or decree at any time subsequent to its rendition."
286 Ala. at 459, 241 So.2d 324 (citing McDonald v. Lyle,270 Ala. 715, 121 So.2d 885 (1960) (emphasis added)). See alsoSweeney v. Tritsch, 151 Ala. 242, 44 So. 184 (1907).[2] Further, in Robinson Co. v. Beck, 261 Ala. 531, 533, 74 So.2d 915, 917
(1954), the Court stated: *Page 766 
 "It is settled that where it appears on the face of the record that the judgment or decree is void, it is the duty of the court upon application thereto by the party having rights or interests immediately involved, to vacate such judgment or decree at any time subsequent to its rendition; . . . . Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116
[1943].
 "In the case of Ford v. Ford, 218 Ala. 15, 117 So. 462, 463 [1928], . . . the court said:
 " 'A court of record has inherent power to vacate a decree or other record when void upon its face — this to preserve the dignity of its own records, prevent injustice, and abuse of process. This may be done by original motion at any time. . . . Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184.' "
(Emphasis added.)
These decisions are based on the well-settled premise that "[A] void court order is a complete nullity." Hodges,286 Ala. at 459, 241 So.2d 324. See also Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725 (1961); Aiello v. Aiello, 272 Ala. 505,133 So.2d 18 (1961); and Louisville N.R. Co. v. Tally, 203 Ala. 370,83 So. 114 (1919). As a nullity, a void judgment had no effect and was subject to attack at any time. Hodges, supra.
Even after the adoption of the rules of civil procedure, the rationale of Hodges and its progeny is still persuasive, and as noted above, many jurisdictions with rules similar to Rule 60(b)(4) have adopted that rationale.
 B. Application of the Reasonable Time Limit
Although there are jurisdictions which do not impose a "reasonable time" limitation in actions filed to set aside a void judgment, our decisions are governed by the decisions of our Supreme Court. § 12-3-16, Ala. Code 1975. The precedent set by our Supreme Court after the adoption of Rule 60(b)(4), Ala.R.Civ.P., recognizes that Rule 60(b)(4) motions must be filed within a reasonable time. See Greene, Marshall, andMcNutt, supra. Consequently, we are governed by these decisions.
" 'What constitutes a reasonable time depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability to learn earlier of the grounds relied upon, and prejudice to other parties.' "Adams v. Farlow, 516 So.2d 528, 557 (Ala. 1987) (quoting PlanetCorp. v. Sullivan, 702 F.2d 123, 126 (7th Cir. 1983)) (emphasis omitted).
The record reveals that McBrayer was not aware of the default judgment until December 1993.[3] McBrayer then hired an attorney to investigate the matter. McBrayer later hired a different attorney to handle the matter before filing his Rule 60(b)(4) motion on May 5, 1995. Given these facts, we conclude that McBrayer filed his motion within a reasonable time.
 C. Laches
Hokes Bluff also argues that the equitable doctrine of laches should preclude McBrayer from obtaining relief from the default judgment. "The doctrine of laches is purely equitable in nature and may be invoked to deny equitable relief to one guilty of unconscionable delay in asserting a claim." Stone v. GulfAmerican Fire Casualty Co., 554 So.2d 346, 362 (Ala. 1989) (citing United States v. Olin Corp., 606 F. Supp. 1301, 1309
(N.D.Ala. 1985)). "[T]he doctrine of laches . . . applies to Rule 60(b) motions." Ex parte W.J., 622 So.2d 358, 361
(Ala. 1993); see also Ex parte Waldrop, 395 So.2d 62 (Ala. 1981). However,
 "[l]aches cannot be founded simply on a lapse of time; to bar an action, laches requires either delay with notice of the existence of a right that results in a disadvantage to another, or delay which effects *Page 767 
a change in circumstances such that the controversy can no longer be determined with reasonable accuracy. [Davis v. Thomaston, 420 So.2d 82 (Ala. 1982).]"
Jones v. Braggs, 637 So.2d 1356, 1359 (Ala.Civ.App. 1994).
 " 'The burden of showing the existence of circumstances, changed conditions, prejudice, or injustices amounting to laches, rests upon him who duly invokes the same, when not shown on the face of the bill from the facts averred.' Blythe v. Enslen, 219 Ala. 638, 643, 123 So. 71, 75 (1929). 'Laches is not fixed by a hard and fast limit of time, but is a principle of good conscience dependent on the facts of each case.' Woods v. Sanders, 247 Ala. 492, 496, 25 So.2d 141, 144
(1946)."
Falkner v. State, 586 So.2d 39, 42 (Ala.Crim.App. 1991).
Although Hokes Bluff argues that "it may be very difficult for [it] to pursue its case should the judgment against McBrayer be set aside," Hokes Bluff failed to present any evidence showing "the existence of circumstances, changed conditions, prejudice, or injustices amounting to laches."Falkner, supra. Further, the evidence shows that when McBrayer became aware of the existence of the default judgment, he immediately contacted an attorney to investigate the matter. Thus, McBrayer did not "delay with notice of the existence of a right." Jones, 637 So.2d at 1359. Given these facts, we conclude that the doctrine of laches will not operate to deny McBrayer relief from the default judgment.
 II. The Merits
Having determined that McBrayer's Rule 60(b) motion was timely and not barred by laches, we turn to the merits of the motion. Our Supreme Court stated the standard of review applicable to an order granting or denying a Rule 60(b)(4) motion in Smith v. Clark, 468 So.2d 138 (Ala. 1985):
 "[A] Rule 60(b)(4) motion has a different standard of review on appeal. When the grant or denial turns on the validity of the judgment, discretion has no place for operation. If the judgment is void, it is to be set aside; if it is valid, it must stand. Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173 (Ala. 1978). A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or the parties, or if it acted in a manner inconsistent with due process."
468 So.2d at 141. See also, Fisher v. Amaraneni, 565 So.2d 84
(Ala. 1990).
McBrayer argues that the circuit court erred in denying his Rule 60(b)(4) motion because, he says, the default judgment entered against him was "void" because of a lack of in personam jurisdiction. Specifically, McBrayer argues that the notice by publication used by Hokes Bluff was inoperative because, he says, it did not comply with the requirements of Rules 4.1 and 4.3, Ala.R.Civ.P.[4]
Rule 4.1(a), Ala.R.Civ.P., states, in pertinent part:
 "All service of process within this state shall be made as provided in this rule except when service by publication is available pursuant to Rule 4.3. Service within this state under this rule shall include delivery by a process server and service by certified mail; and each of the foregoing methods of service shall be deemed to confer in personam jurisdiction."
Rule 4.3, entitled "Process: Service by Publication," provides:
"(a) Scope of Rule. This rule applies as follows:
 "(1) to a claim historically equitable involving property under the control of the court . . . or marital status . . .; and,
 "(2) to a claim, whether legal or equitable against a defendant as described in subparagraph (c) of this rule who avoids service of process.
 ". . . In no event shall an in personam judgment be entered on service by publication *Page 768 
except as provided in subparagraph (c) of this rule."
Rule 4.3(c), states, in part:
 "When a resident defendant avoids service and his present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned same to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication."
Rule 4.3(d)(1) states, in part:
 "Before service by publication can be made in an action where the identity or residence of a defendant is unknown, . . . or where the defendant avoids service, an affidavit of a party or his counsel must be filed with the court averring that service of summons or other process cannot be made because either the residence is unknown to the affiant and cannot with reasonable diligence be ascertained, or, the identity of the defendant is unknown, or, the resident defendant has been absent for more than thirty days since the filing of the complaint, or, the defendant avoids service, averring facts showing such avoidance."
Sections (a)(2), (c), and (d)(1) of Rule 4.3 permit service of a resident defendant by publication only when the defendant avoids service.[5] The committee comments to Rule 4 and the applicable case law support this conclusion. The committee comments to Rule 4.3(c), state:
 "[M]ore than mere inability to find the defendant is required because of the use of the term 'avoidance' of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication."
In Federal Deposit Ins. Corp. v. Sims, 100 F.R.D. 792, 796
(N.D.Ala. 1984), a district court interpreting Rule 4.3, Ala.R.Civ.P., stated:
 "It is obvious that the draftsmen required proof of 'culpability' or a 'hiding out' by a defendant before suggesting that an in personam judgment can be entered on service by publication."
See also Fisher, supra; Wise v. Siegel, 527 So.2d 1281
(Ala. 1988); March v. Stringer, 518 So.2d 65 (Ala. 1987); Grossv. Loewen, 522 So.2d 306 (Ala.Civ.App. 1988); Richardson v.Arrington, 431 So.2d 1301 (Ala.Civ.App. 1983); Miles v.McClung, 385 So.2d 1326 (Ala.Civ.App. 1980); and Jerome Hoffman, Service by Publication under Rule 4.3, 49 Ala. Law. 20 (1988).
The affidavit accompanying Hokes Bluff's motion for service by publication simply stated that McBrayer's "whereabouts . . . [are] unknown and cannot be ascertained after reasonable effort." This statement does not show that McBrayer was avoiding service; therefore, service by publication was not proper. See Fisher, supra, and Gross, supra. Because Hokes Bluff did not perfect service, the district court never obtained in personam jurisdiction over McBrayer. Id. A judgment is void if the court rendering it lacked jurisdiction of the parties. Smith v. Clark, 468 So.2d 138 (Ala. 1985). Consequently, we hold that the circuit court erred in denying McBrayer's Rule 60(b)(4) motion.
The trial court's judgment is reversed, and this case is remanded for the entry of a judgment setting aside the default judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in the result.
[1] According to McBrayer's affidavit testimony, the Center, Alabama address was his ex-wife's address and he has never lived or received mail at that address.
[2] Sweeney is cited in the committee comments to Rule 60 as authority for the proposition that "Alabama law has always been that a void judgment could be vacated at any time."
[3] The record contains a letter dated December 3, 1993, from an attorney hired by McBrayer to Hokes Bluff's attorney. The letter states: "According to Mr. McBrayer this judgment should have been satisfied in March 1986." However, McBrayer's affidavit states that he paid Hokes Bluff "in full" on March 20, 1984, and that the first notice he had "that Hokes Bluff had ever sued [him] or even had a claim against him for a car paid for in full back in 1984" was "about the beginning of 1994." In light of these statements, and Hokes Bluff's acknowledgement in brief that "McBrayer had knowledge of the judgment in 1993," we recognize December 1993 as the date McBrayer first became aware of the default judgment.
[4] The applicable rules governing service of process in 1985 are the same as the rules presently in operation.
[5] In Braley v. Horton, 432 So.2d 463 (Ala. 1983), our Supreme Court held that Rule 4.3(c) was not applicable to nonresident defendants. *Page 769