855 So.2d 1107 (2003)
The IMPROVED BENEVOLENT AND PROTECTIVE ORDER OF the ELKS of the WORLD and Donald P. Wilson
v.
Edwin MOSS et al.
2020020.
Court of Civil Appeals of Alabama.
February 28, 2003.
*1108 Jerry M. Blevins, Montgomery, for appellants.
J.L. Chestnut, Jr., of Chestnut, Sanders, Sanders, Pettaway, Campbell & Albright, L.L.C., Selma, for appellees.

On Application for Rehearing
THOMPSON, Judge.
The opinion of November 15, 2002, is withdrawn, and the following is substituted therefor:
On January 19, 1996, Edwin Moss, Jim Stallings, Malcolm Thomas, Thomas Hereford, C. Ray Edmonds, Lem Long, Jr., and the Alabama State Association of the Improved Benevolent and Protective Order of the Elks of the World filed a complaint seeking a declaratory judgment, injunctive relief, an accounting, and damages. The plaintiffs named as defendants in that action the Improved Benevolent and Protective Order of the Elks of the World ("IBPOEW"); Donald Wilson, individually and in his capacity as the grand exalted ruler of the IBPOEW; and Alexander Ashley, Hersey Quinn Winford, and Randolph Lloyd Iffil, individually and in their capacities as grand lodge officers of the IBPOEW. The case action summary sheet and other documentation contained in the record on appeal indicates that the defendants each received service of process.
On April 18, 1996, the plaintiffs sought from the clerk of the circuit court the entry of a default judgment against defendants IBPOEW and Wilson. On that same date, the clerk entered, pursuant to Rule 55, Ala. R. Civ. P., a default against IBPOEW and Wilson. On April 19, 1996, the trial court conducted a hearing on the plaintiffs' motion for a default judgment. The trial court noted in its judgment in this case that during the April 19, 1996, hearing, an attorney appeared on behalf of the defendants and argued various issues, including improper service of process, and that that attorney agreed to accept service of the complaint on behalf of the defendants.
After April 19, 1996, the defendants did not file an answer or respond to the plaintiffs' discovery requests. On August 6, 1996, the plaintiffs again filed in the trial court a motion seeking the entry of a judgment on the clerk's entry of default. On August 12, 1996, the trial court entered a default judgment in favor of the plaintiffs against IBPOEW and Wilson. In that August 12, 1996, default judgment, the trial court set aside Wilson's election to an office within the IBPOEW, ordered that the IBPOEW allow an accounting of its books, and awarded damages to the individual plaintiffs. No appeal was taken from the August 12, 1996, default judgment. The trial court later entered an order dismissing defendants Ashley, Winford, and Iffil.
In March 1998, the plaintiffs filed a motion seeking to add certain persons as additional defendants to the action. The *1109 plaintiffs also moved to have defendants IBPOEW and Wilson held in contempt for their alleged failure to comply with the terms of the August 12, 1996, default judgment. The trial court conducted an evidentiary hearing, and on May 7, 1998, it entered an order requiring the enforcement of its August 12, 1996, default judgment and adding the proposed additional defendants to the action subject to the qualification that the newly added defendants were not subject to liability under the August 12, 1996, default judgment.
On September 7, 2001, IBPOEW and Wilson (hereinafter together referred to as "the defendants") filed a motion purportedly pursuant to Rule 60(b)(4), Ala. R. Civ. P., in which they sought relief from the August 12, 1996, default judgment. In that motion, the defendants briefly asserted that the default judgment was void for lack of personal and subject-matter jurisdiction. The trial court denied the defendants' Rule 60(b)(4) motion on May 31, 2002. The defendants appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, the defendants argue that the trial court lacked subject-matter jurisdiction because, they allege, the plaintiffs' claims were derivative in nature and that, therefore, its default judgment was void. The defendant's September 7, 2001, motion was made pursuant to Rule 60(b)(4), Ala. R. Civ. P., which allows a party to seek relief from a void judgment. A motion made pursuant to Rule 60(b)(4) must be made within a "reasonable time." Rule 60(b), Ala. R. Civ. P.; McNutt v. Beaty, 370 So.2d 998 (Ala.1979); Greene v. Connelly, 628 So.2d 346 (Ala.1993); Bryant v. First Tuskegee Bank, [Ms. 2010817, Nov. 15, 2002] ___ So.2d ___ (Ala.Civ.App.2002). See also Marshall v. Mid-State Homes, Inc., 468 So.2d 131, 133 (Ala.1985) ("The only time limitation with regard to attacking a void judgment is that it be done within a reasonable time."). "`What constitutes a "reasonable time" depends on the facts of each case, taking into consideration the interest of finality, the reason for the delay, the practical ability to learn earlier of the grounds relied upon, and the prejudice to the other parties.' "Bryant v. First Tuskegee Bank, ___ So.2d at ___ (quoting Ex parte W.J., 622 So.2d 358, 361 (Ala.1993)).
In this case, the record indicates that the defendants were properly served via certified mail and that an attorney also later agreed to accept service on their behalf. The August 12, 1996, default judgment awarded the individual plaintiffs money damages; set aside the election of defendant Wilson to an office within the IBPOEW; and required the IBPOEW to allow an accounting or an audit of its financial records. On May 7, 1998, the trial court entered an order that, among other things, required the enforcement of its August 12, 1996, default judgment. The May 7, 1998, order specifically addressed the conduct of the defendants after the entry of the August 12, 1996, default judgment.
We note that in their brief on original submission, the defendants cited no authority in support of their argument on this issue, in contravention of Rule 28(a)(10), Ala. R.App. P. On application for rehearing, the defendants contend that because this court may take notice of a lack of subject-matter jurisdiction ex mero motu they were not required to properly argue the issue before this court. We need not decide that issue, however. There is no evidence in the record indicating, and the defendants have made no argument, that the five-year delay between the entry of the August 12, 1996, default judgment and their September 7, 2001, *1110 motion for relief from that judgment was reasonable.
In their brief on application for rehearing, the defendants contend that they filed their Rule 60(b) motion within a reasonable time of the May 7, 1998, order. However, in their Rule 60(b) motion, the defendants did not purport to be seeking relief from the May 7, 1998, order. Also, the May 7, 1998, order, as it applied to the defendants IBPOEW and Wilson, simply enforced the provisions of the August 12, 1996, default judgment. Therefore, we reject the defendants' argument that the May 7, 1998, order somehow rendered reasonable the timing of their Rule 60(b)(4) motion seeking relief from the August 12, 1996, default judgment. Further, the defendants' argument pertaining to the May 7, 1998, order has been impermissibly raised for the first time in the defendants' brief on application for rehearing. See Stover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251, 253 (Ala.1985) ("New supporting arguments presented for the first time on rehearing generally will not be considered."); Schulte v. Smith, 708 So.2d 138, 141 n. 2 (Ala.1997) ("this argument was raised for the first time on application for rehearing, and therefore will not be considered").
In Bryant v. First Tuskegee Bank, supra, this court determined that a motion made pursuant to Rule 60(b)(4) and filed more than two years after the entry of a default judgment was, under the facts of that case, not filed within a reasonable time. In reaching that holding, the court cited Ashley v. State ex rel. Brooks, 668 So.2d 7 (Ala.Civ.App.1994). Bryant v. First Tuskegee Bank, ___ So.2d at ___, In Ashley, supra, this court held that a Rule 60(b)(4) motion filed two years after the entry of a consent judgment was not filed within a reasonable time.
Even assuming, without deciding, that the plaintiffs' claims were derivative and did not vest jurisdiction in the trial court, we conclude that because the defendants waited five years to file the Rule 60(b)(4) motion, that motion was not filed within a reasonable time. Therefore, we affirm the trial court's denial of that part of the defendants' Rule 60(b) motion that addressed the issue of subject-matter jurisdiction.
The defendants also argue that the trial court erred in denying their motion for relief from the August 12, 1996, default judgment because, they argue, the trial court did not have personal jurisdiction over them; they argue that the default judgment is void for that reason. See Bryant v. First Tuskegee Bank, supra (a judgment is void if the trial court lacked personal jurisdiction over the parties). As discussed previously, a Rule 60(b)(4) motion alleging a judgment is void must be filed within a reasonable time. See Rule 60(b), Ala. R. Civ. P.; McNutt v. Beaty, supra; Greene v. Connelly, supra; Bryant v. First Tuskegee Bank, supra; Marshall v. Mid-State Homes, Inc., supra. We have already determined that given the facts of this case, the defendants' Rule 60(b)(4) motion was not filed within a reasonable time of the August 12, 1996, default judgment from which the defendants sought relief. Therefore, the trial court's denial of the defendants' motion seeking relief from judgment on the basis of lack of personal jurisdiction is due to be affirmed.
Even assuming that this court could reach the personal-jurisdiction issue, we would affirm on the merits. The defendants argue that the attorney who accepted service of process on their behalf did not comply with Rule 4(h), Ala. R. Civ. P., in doing so. However, in the trial court, the defendants contended only generally that the trial court did not have personal jurisdiction over them. In pertinent part, *1111 that motion stated only that the court lacked personal jurisdiction over the defendants; in a footnote, the defendants asserted that the attorney who accepted service of process on their behalf did not have authority to do so. The defendants' Rule 60(b) motion did not contain any explanation of the defendants' argument as to the effect of that alleged lack of authority to accept personal service; further, it contained no citations to any supporting authority.
In their brief on appeal, the defendants cite Rule 4(h), Ala. R. Civ. P., and some supporting caselaw; the defendants argue that Rule 4(h) requires that acceptance of service of process be in writing and be signed by the defendant and a credible witness. See Rule 4(h), Ala. R. Civ. P.; Colvin v. Colvin, 628 So.2d 802 (Ala.Civ.App.1993). Before the trial court, however, the defendants did not seek relief from the default judgment on the basis of the trial court's purported failure to ensure compliance with Rule 4(h), Ala. R. Civ. P. An appellant may not on appeal seek reversal of a trial court's judgment on the basis of an argument not presented to the trial court. See Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988) ("[an appellate court] will not reverse the trial court's judgment on a ground raised for the first time on appeal").
Further, we note that the case-action summary indicates that the defendants were served, and the record on appeal contains return receipts indicating that each defendant was served, by certified mail. On application for rehearing, the defendants contend that "the issue [presented to this Court] on submission was whether service [of process] was perfected on appellants via certified mail, and not whether Rule 4(h) was complied with." A review of the brief originally submitted to this court indicates that the defendants dedicate only two sentences in that brief to the issue of certified service. In those two sentences, the defendants make several factual assertions: that the record indicates that service on the defendants was issued; that the record indicates that service was perfected by that method; and that the record contains no documentation other than the case-action summary to verify that service of process. The defendants' original brief contains no argument or citation to authority pertaining to the issue of certified service. The remainder of the defendants' argument on the issue of personal jurisdiction in the defendants' original brief is dedicated to their argument pertaining to Rule 4(h).
In their reply brief, the defendants do briefly argue that the certified service of the defendants was not proper. However, an argument may not be raised, nor may an argument be supported by citations to authority, for the first time in an appellant's reply brief. Sanders v. Smitherman, 776 So.2d 68, 73 n. 4 (Ala.2000); C & S Family Credit of Alabama, Inc. v. McNairy, 613 So.2d 1232, 1232 n. 1 (Ala. 1992); Pate v. Billy Boyd Realty & Constr., Inc., 699 So.2d 186, 189 (Ala.Civ. App.1997). Further, in their Rule 60(b) motion submitted to the trial court, the defendants did not assert that the certified service of process was ineffective or improper; the defendants have improperly attempted to raise this issue for the first time on appeal in their reply brief.
The defendants also argue that the trial court failed to give them proper notice pursuant to Rule 55(b)(2), Ala. R. Civ. P., before entering the default judgment against them, and that, therefore, the judgment is void. This is not an issue the defendants presented to the trial court in their Rule 60(b) motion. Even assuming that this court may address this issue for the first time on appeal, we would affirm.
*1112 As previously discussed, the defendants' Rule 60(b)(4) motion was not made within a reasonable time; therefore, we cannot say that the trial court erred in denying that motion.
Further, Rule 55(b)(2) provides in part that "[i]f the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application." The defendants contend that they did not receive the required three days' notice before the default judgment was entered.
The defendants contend in their brief on appeal that they first appeared in this matter during the April 19, 1996, hearing before the trial court, which took place one day after the clerk entered the default against them. In their brief on appeal, the defendants do not contend that they were entitled to notice under Rule 55(b)(2) of that April 19, 1996, hearing, apparently conceding that, under that rule, they were not entitled to notice until such time as they appeared in the action. On August 2, 1996, the plaintiffs filed another motion asking the trial court to enter a judgment on the default already entered by the clerk. The defendants argue that the trial court, without providing them notice as required by Rule 55(b)(2), impermissibly entered a default judgment only four days after the plaintiffs filed their second motion for a default judgment.[1]
The plaintiffs filed their motion for a default judgment on August 2, 1996; that motion indicates that it was properly served on the defendants. On August 12, 1996, more than three days after the plaintiffs filed their written application for a default judgment, the trial court entered its default judgment. Further, in that default judgment, the trial court noted that it had declined, given the defendants' arguments at the April 19, 1996, hearing, to enter a default judgment at that time. However, in entering its August 12, 1996, default judgment, the trial court determined that the defendants still had failed, even after over 90 days had passed from the April 19, 1996, hearing on the default judgment, to respond to the complaint or to the plaintiffs' discovery requests. Thus, the evidence supports the trial court's conclusion that the defendants had "failed to plead or otherwise defend as provided by" the Alabama Rules of Civil Procedure, see Rule 55(a), Ala. R. Civ. P.
The trial court's judgment is due to be affirmed.
OPINION OF NOVEMBER 15, 2002, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
YATES, P.J., and PITTMAN, J., concur.
CRAWLEY and MURDOCK, JJ., concur in the result.
CRAWLEY, Judge, concurring in the result.
I concur in the result reached by the majority in this case because I am constrained to agree that under the facts of this case the Rule 60(b)(4), Ala. R. Civ. P., motion was not filed within a reasonable time. See Greene v. Connelly, 628 So.2d 346 (Ala.1993). Our supreme court has said on several occasions that the reasonable-time limitation contained in Rule 60(b) applies to a Rule 60(b)(4) motion. However, *1113 I agree with the discussion of the application of that time limit to challenges of void judgments in McBrayer v. Hokes Bluff Auto Parts, 685 So.2d 763, 765 (Ala. Civ.App.1996). In McBrayer, this court stated that "persuasive authority now indicates that the `reasonable time' limitation should not be applied to actions seeking to set aside void judgments pursuant to Rule 60(b)(4), Ala. R. Civ. P." McBrayer, 685 So.2d at 765. That persuasive authority includes the federal courts and sister states. See id. (citing Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126 (11th Cir.1994), Allred v. Tucci, 85 N.C.App. 138, 354 S.E.2d 291 (1987); Falkner v. Amerifirst Fed. Savings & Loan Assoc., 489 So.2d 758 (Fla.Dist.Ct.App.1986); Garcia v. Garcia, 712 P.2d 288 (Utah 1986); Reynaud v. Koszela, 473 A.2d 281 (R.I. 1984); Barkley v. Toland, 7 Kan.App.2d 625, 646 P.2d 1124 (1982); and 11 C. Wright & A. Miller, Federal Practice and Procedure § 2862 (1973)). Because our supreme court has yet to adopt the federal approach, I must concur in affirming the denial of the Rule 60(b)(4) motion.
MURDOCK, Judge, concurring in the result.
I concur in the result reached by the majority. I write separately, however, to address only the three-day-notice issue under Rule 55(b)(2), Ala. R. Civ. P.
The defendants attempt to use Rule 60(b)(4), Ala. R. Civ. P., to obtain relief from a default judgment they claim was entered without the three days' notice provided for in Rule 55(b)(2), Ala. R. Civ. P. Rule 60(b)(4) provides that a party may obtain relief from a judgment that is "void." In Welch v. GFC Credit Corp., 336 So.2d 1346 (Ala.Civ.App.1976), this court recognized that an issue existed as to whether a violation of the provisions of Rule 55(b)(2) would render a judgment void, but found it unnecessary to resolve that issue. No Alabama case decided since Welch has found it necessary to resolve this issue. Compare, e.g., Planet Corp. v. Sullivan, 702 F.2d 123 (7th Cir. 1983) (explaining that Rule 60(b)(4), Fed. R.Civ.P., which is for the most part identical to Alabama's Rule 60(b)(4), is generally considered to be inapplicable when the only ground for asserting that the judgment is void is the failure to give notice pursuant to Rule 55(b)(2), and, thus, a default entered without written notice is voidable, not void); Martha Stewart Living Omnimedia, L.L.C. v. Beers Flower Shop, Inc. (No. 98-Civ.3398) (S.D.N.Y., September 21, 1998) (not published in F.Supp.) (explaining that rather than determining that a default judgment is void when there has been a failure to give notice, the more sensible rule is to consider the criteria ordinarily consulted when evaluating a Rule 60 motion); Traveltown, Inc. v. Gerhardt Inv. Group, 577 F.Supp. 155, 157 (N.D.N.Y.1983) ("Where the 3 day notice requirement of Rule 55(b)(2) [, Fed. R.Civ.P.,] has not been complied with, the default judgment is generally regarded as voidable under Rule 60(b)(6) rather than void under Rule 60(b)(4)."). See generally Osborn v. Roche, 813 So.2d 811 (Ala.2001) (a judgment is void under Rule 60(b)(4) only if the court that rendered the judgment lacked subject-matter jurisdiction or personal jurisdiction or if it acted in a manner inconsistent with due process); R.J. Reynolds Tobacco Co. v. Cantley, 717 So.2d 751 (Ala.1998) (Rule 60(b) is not intended as a substitute for appellate correction of errors).
In concurring in the majority opinion, I express no view, and I do not read the majority opinion as expressing a view, as to whether a failure to comply with the notice provision of Rule 55(b)(2) renders a default judgment void. I simply agree that, even if Rule 60(b)(4) (as opposed to *1114 Rule 55(c) or some other provision of Rule 60(b)) is the proper vehicle for obtaining relief for the alleged violation of Rule 55(b)(2) in this case, the defendants did not file such a motion within a reasonable time.
NOTES
[1] The default judgment was signed by the trial judge on August 6, 1996, but was not filed in the clerk's office until August 12, 1996.