883 So.2d 638 (2003)
Ex parte FULL CIRCLE DISTRIBUTION, L.L.C.
(In re Full Circle Distribution, L.L.C.
v.
Seco Aviation, Inc., and Anthony Aviation Center, Inc.).
1021631.
Supreme Court of Alabama.
December 5, 2003.
*640 Joshua B. Sullivan and Christie D. Knowles of Henslee, Robertson, Strawn & Knowles, L.L.C., Gadsden, for petitioner.
E. Berton Spence and Carey Bennett McRae of Adams & Reese/Lange Simpson, LLP, Birmingham; and James D. Pruett of Pruett & Waldrup, LLC, Gadsden, for respondents.
LYONS, Justice.
Full Circle Distribution, L.L.C., the plaintiff in an action pending in the Etowah Circuit Court, petitions for a writ of mandamus directing Judge William C. Cardwell to set aside his order granting the motion filed by the defendants in the action, SECO Aviation, Inc., and Anthony Aviation Center, Inc., for relief from a default judgment. For the reasons discussed below, we deny the petition.

I. Facts and Procedural History
On December 22, 1997, Full Circle and SECO Aviation, Inc., a corporation organized under the laws of Georgia ("SECO(GA)"), entered into a consignment agreement pursuant to which SECO(GA) agreed to act as a distributer for the sale of 14 helicopter-fuel-dump pumps owned by Full Circle. According to the consignment agreement, Full Circle was to be paid 30 percent of the revenues from the sale of the pumps. Approximately two years later, on August 10, 1999, SECO(GA) sold many of its assets, including the fuel-dump pumps.
On February 27, 2002, Full Circle sued SECO Aviation, Inc., a corporation organized under the laws of Pennsylvania ("SECO(PA)"), and Anthony Aviation Center, Inc., a corporation organized under the laws of Florida ("AAC"), in the Etowah Circuit Court, alleging breach of contract and conversion. Full Circle contended that AAC purchased the 14 fuel-dump pumps from SECO(GA), but that SECO(GA) never paid Full Circle a commission on the sale of the fuel-dump pumps as required under the consignment agreement. Full Circle served the summons *641 and complaint on SECO(PA) and AAC. However, SECO(PA) is a different entity from SECO(GA), with which Full Circle had entered into the consignment agreement. SECO(PA) maintains that it is not legally connected to SECO(GA) in any respect; Full Circle does not dispute this in its reply brief. After SECO(PA) and AAC failed to answer the complaint or to appear within 30 days, Full Circle filed an application and affidavit for the entry of a default judgment. On May 10, 2002, the trial court entered a default judgment against SECO(PA) and AAC; it amended that judgment on June 28, 2002, and July 10, 2002.
On November 19, 2002, the default judgment was filed with the circuit court in Broward County, Florida, for domestication in accordance with the laws of the State of Florida. At this time, SECO(PA) and AAC were provided with notice by certified mail that the default judgment was being domesticated in Florida. Nevertheless, SECO(PA) and AAC failed to respond or to challenge the default judgment within 30 days of this notice, and the default judgment was domesticated in Florida on January 9, 2003. On April 18, 2003, a writ of garnishment was issued by the Broward Circuit Court. Then, on April 23, 2003, SECO(PA) and AAC filed an emergency motion in the Broward Circuit Court to dissolve the writ of garnishment; they argued that the Alabama judgment made the basis of the garnishment action was void because the Etowah Circuit Court lacked personal jurisdiction over them and because, they argue, Full Circle had not properly served the summons and complaint on either of the defendants.
Immediately after filing the emergency motion, SECO(PA) and AAC filed with the Etowah Circuit Court a motion for relief from the default judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P. SECO(PA) and AAC argued that the default judgment was void because, they argued, the trial court lacked personal jurisdiction over them. In its opposition to the motion for relief from the judgment, Full Circle asserted that SECO(PA) and AAC's motion failed to satisfy the requirement of Rule 60(b), Ala. R. Civ. P., that such a motion be filed within "a reasonable time," and that the actions of SECO(PA) and AAC were sufficient to establish minimum contacts so as to warrant the trial court's exercise of personal jurisdiction over them. On June 20, 2003, the trial court granted SECO(PA) and AAC's motion for relief. Full Circle now petitions for a writ of mandamus directing the trial court to set aside its order granting relief pursuant to Rule 60(b)(4). We deny the petition.

II. Standard of Review
The standard of review on appeal from an order granting relief under Rule 60(b)(4), Ala. R. Civ. P. ("the judgment is void"), is not whether the trial court has exceeded its discretion. When the decision to grant or to deny relief turns on the validity of the judgment, discretion has no field of operation. Cassioppi v. Damico, 536 So.2d 938, 940 (Ala.1988). "If the judgment is void, it is to be set aside; if it is valid, it must stand.... A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process." Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173, 1174 (Ala.1978) (emphasis added).

III. Analysis
Mandamus is an extraordinary writ and will be issued "only where there is (1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied *642 by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991). If SECO(PA) and AAC's Rule 60(b)(4) motion was timely filed and the trial court's default judgment was "void," then Full Circle does not meet the prerequisites for mandamus relief, i.e., it does not have a legal right to have the June 20 order set aside.

A. Rule 60(b)(4) and the Reasonable-Time Limitation
Full Circle's initial argument is that SECO(PA) and AAC's motion for relief from the default judgment was not filed within a reasonable time, as required by Rule 60(b), Ala. R. Civ. P. Full Circle contends that a motion seeking relief from a default judgment filed approximately 14 months after the party filing the motion was served with the complaint is not filed within a reasonable time, as contemplate by Rule 60(b). SECO(PA) and AAC reply to this argument by stating that their motion for relief was filed within a reasonable time because the motion was filed less than 10 months after the default judgment was last amended on July 10, 2002. SECO(PA) and AAC also urge this Court to clarify precedent that has addressed the "reasonable time" requirement for a Rule 60(b)(4) motion.
Rule 60(b) provides that a motion for relief under Rule 60(b)(4) "shall be made within a reasonable time." This Court has stated that "`[w]hat constitutes "reasonable time" depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability to learn earlier of the grounds relied upon, and prejudice to other parties.'" Adams v. Farlow, 516 So.2d 528, 557 (Ala.1987) (quoting Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981)). Heretofore, this Court has only noted this reasonable-time limitation of Rule 60(b)(4), without analysis. Greene v. Connelly, 628 So.2d 346 (Ala.1993); see also Marshall v. Mid-State Homes, Inc., 468 So.2d 131 (Ala.1985), and McNutt v. Beaty, 370 So.2d 998 (Ala.1979). The opinions of the Court of Civil Appeals are not uniform on this subject. Compare Improved Benevolent & Protective Order of Elks of the World v. Moss, 855 So.2d 1107 (Ala.Civ.App.2003), and Bryant v. First Tuskegee Bank, 866 So.2d 1139 (Ala.Civ.App.2002), with McBrayer v. Hokes Bluff Auto Parts, 685 So.2d 763 (Ala.Civ.App.1996). Today we are called upon to decided whether this reasonable-time limitation applies to a Rule 60(b)(4) motion. We agree with Judge Crawley's special writing concurring in the result in Improved Benevolent & Protective Order of Elks of the World v. Moss, 855 So.2d at 1112, and we adopt the reasoning of Presiding Judge Robertson in McBrayer v. Hokes Bluff Auto Parts, 685 So.2d 763 (Ala.Civ.App.1996), that the reasonable-time limitation is not applicable to actions seeking to set aside a void judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P.
In 1973, Alabama adopted the Alabama Rules of Civil Procedure, which were modeled after the Federal Rules of Civil Procedure. The Federal Rules, like the Alabama Rules, provide that a Rule 60(b)(4) motion "shall be made within a reasonable time." Presiding Judge Robertson in McBrayer reviewed the federal cases applying Rule 60(b)(4), Fed.R.Civ.P., and found that "the majority of federal circuits [had] rejected a literal application of the language in Rule 60(b) and held that the rule does not impose a time limitation on actions to set aside void judgments." 685 So.2d at 765. McBrayer cited Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126 (11th Cir.1994), in which the United *643 States Court of Appeals for the Eleventh Circuit recognized and embraced the holdings of the United States Courts of Appeals for the First, Fifth, Seventh, Ninth, Tenth, and District of Columbia Circuits "that the time for bringing a Rule 60(b)(4) motion is not constrained by reasonableness," 685 So.2d at 765. See Hertz Corp., 16 F.3d at 1130 (citing 11 C. Wright & A. Miller & M. Kane, Federal Practice and Procedure § 2862 (1995)). Since McBrayer was decided, the Fourth Circuit has also adopted that holding. See In re Heckert, 272 F.3d 253 (4th Cir.2001). The United States District Courts for the Middle and Northern Districts of Alabama have also held that Rule 60(b)(4) motions are not subject to a reasonable-time limitation. R.C. v. Nachman, 969 F.Supp. 682, 692 (M.D.Ala.1997); Battle v. Liberty Nat'l Life Ins. Co., 770 F.Supp. 1499, 1512 (N.D.Ala.1991). Because the Federal Rules of Civil Procedure were used as a model for Alabama's procedural rules, these "federal decisions are highly persuasive when we are called upon to construe the Alabama Rules." City of Birmingham v. City of Fairfield, 396 So.2d 692, 696 (Ala.1981) (citing Assured Investors Life Ins. Co. v. National Union Assocs., 362 So.2d 228 (Ala.1978)).
In addition to federal authority, we note that several states have applied a similar rationale and have held that there is no limit on the time to begin a proceeding to set aside a void judgment. See, e.g., Allred v. Tucci, 85 N.C.App. 138, 354 S.E.2d 291 (1987); Falkner v. Amerifirst Fed. Sav. & Loan Assoc., 489 So.2d 758 (Fla.Dist.Ct.App.1986); Garcia v. Garcia, 712 P.2d 288 (Utah 1986); Reynaud v. Koszela, 473 A.2d 281 (R.I.1984); and Barkley v. Toland, 7 Kan.App.2d 625, 646 P.2d 1124 (1982).
Finally, we recognize that before the adoption of the Alabama Rules of Civil Procedure, a party seeking to vacate a void judgment could file a motion for relief "at any time subsequent to its rendition." Sweeney v. Tritsch, 151 Ala. 242, 245, 44 So. 184, 185 (1907). The committee that drafted the Alabama Rules of Civil Procedure stated in the Committee Comments on 1973 Adoption that it has always been the law in Alabama that a void judgment could be vacated at any time and cited Sweeney v. Tritsch as authority for this proposition. The rationale for being able to vacate a void judgment at any time is that "a void court order is a complete nullity." Hodges v. Archer, 286 Ala. 457, 459, 241 So.2d 324, 326 (1970). As a nullity, a void judgment has no effect and is subject to attack at any time. Id. Even after the adoption of the Alabama Rules of Civil Procedure, the rationale of Hodges and its progeny is still persuasive, and as noted above, many jurisdictions with procedural rules similar to Rule 60(b)(4) have adopted that rationale. To hold otherwise would expand the rules beyond the sphere of procedure to which the rules have necessarily been confined. Accordingly, we hold that a motion for relief from a void judgment is not governed by the reasonable-time requirement of Rule 60(b). We now turn to the issue whether the default judgment was void.

B. Personal Jurisdiction
Full Circle also argues that if we conclude that the motion for relief was timely then the actions of SECO(PA) and AAC were sufficient to establish minimum contacts with Alabama so as to warrant the exercise of personal jurisdiction over the parties by the Etowah Circuit Court. SECO(PA) and AAC argue in response that neither corporation had any contact with Alabama whatsoever and that neither was a party to the consignment agreement between Full Circle and SECO(GA).
*644 Rule 60(b)(4), Ala. R. Civ. P., permits a court to "relieve a party ... from a final judgment, order, or proceeding ... [when] the judgment is void." A judgment is void if the court rendering the judgment lacked personal jurisdiction over the parties. McNutt v. Beaty, supra. Rule 4.2(a)(2)(A)-(I), Ala. R. Civ. P., sets forth the types of contacts with Alabama that will afford the basis for an Alabama court to exercise in personam jurisdiction over a nonresident. Specifically, Rule 4.2(a)(2)(I) addresses jurisdiction over a person[1] who has "some minimum contacts" with Alabama and as to whom "it is fair and reasonable to require the person to come to this state to defend an action."
The Due Process Clause of the Fourteenth Amendment permits a forum state to subject a nonresident defendant to jurisdiction in its courts only when that defendant has had "minimum contacts" with the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The critical question with regard to the nonresident defendant's contacts is whether the contacts are such that the nonresident defendant "`should reasonably anticipate being haled into court'" in the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)(quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). The sufficiency of a party's contacts is assessed based on whether the contacts are general or specific.
"General contacts, which give rise to general personal jurisdiction, consist of the defendant's contacts with the forum state that are unrelated to the cause of action and that are both `continuous and systematic.' Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).... Specific contacts, which give rise to specific personal jurisdiction, consist of the defendant's contacts with the forum state that are related to the cause of action. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Although the related contacts need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state. Id."
Ex parte Phase III Constr., Inc., 723 So.2d 1263, 1266 (Ala.1998) (Lyons, J., concurring in the result). Furthermore, this Court has held that specific contacts, which give rise to specific in personam jurisdiction, exist when there is "a clear, firm nexus between the acts of the defendant and the consequences complained of." Duke v. Young, 496 So.2d 37, 39 (Ala.1986). See also Ex parte Kamilewicz, 700 So.2d 340, 345 n. 2 (Ala.1997).
In the case of either general in personam jurisdiction or specific in personam jurisdiction, "[t]he `substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). This purposeful-availment requirement assures that a defendant will not be haled into court in a foreign jurisdiction as a result of "`the unilateral activity of another person or a third person.'" Burger King, 471 U.S. at 475, 105 S.Ct. 2174 (quoting Helicopteros *645 Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).
"Only after such minimum contacts have been established does a court then consider those contacts in the light of other factors  such as the burden on the defendant of litigating in the forum state and the forum state's interest in adjudicating the dispute, Burger King [Corp. v. Rudzewicz], 471 U.S. [462] at 476-77, 105 S.Ct. 2174[, 85 L.Ed.2d 528] [(1985)]  to determine whether the exercise of personal jurisdiction over the nonresident defendant comports with `"traditional notions of fair play and substantial justice."' Brooks v. Inlow, 453 So.2d 349, 351 (Ala.1984), quoting International Shoe [Co. v. Washington], 326 U.S. [310] at 316, 66 S.Ct. 154 [(1945)]. See also Burger King, 471 U.S. at 476-77, 105 S.Ct. 2174."
Elliott v. Van Kleef, 830 So.2d 726, 730-31 (Ala.2002); see also Worthy v. Cyberworks Techs., Inc., 835 So.2d 972 (2002).
Thus, the first step in our analysis is to determine whether SECO(PA) or AAC has the requisite "minimum contacts" with this State to support the trial court's exercise of in personam jurisdiction over them. We find no evidence indicating that SECO(PA) or AAC had sufficient connections with Alabama to meet the requirements for either specific or general in personam jurisdiction.
The claims asserted in this action arose out of the contractual relationship between Full Circle and SECO(GA). SECO(PA), the SECO corporation Full Circle served with its complaint, was not a party to the consignment agreement that is the basis of this action. As stated previously, SECO(PA) is not the same entity as SECO(GA), nor is there any evidence before this Court to indicate that the two corporations are legally connected in any respect. We also find no contacts SECO(PA) had with Alabama that would constitute general contacts with the State.
Full Circle concedes in its brief to this Court that AAC did not have any physical contacts with Alabama, but it argues that AAC's alleged tortious and intentional actions were directed toward Full Circle, an Alabama entity. Full Circle specifically argues that because AAC is allegedly in possession of the fuel-dump pumps that are the subject of the consignment agreement and has refused to return that property to Full Circle when requested, AAC could reasonably anticipate being haled into an Alabama court to defend its actions. While this argument may assert a potential conversion claim, the facts still do not establish personal jurisdiction over AAC. Full Circle has presented no evidence of any contacts AAC had with Alabama. There is also nothing before this Court to show that AAC's alleged purchase of the assets of SECO(GA) was "purposefully directed toward the forum State." Asahi Metal Indus. Co., 480 U.S. at 112, 107 S.Ct. 1026. Moreover, Full Circle has not shown that AAC had any general contacts with Alabama.
Since neither SECO(PA) nor AAC has the requisite "minimum contacts" with this State to permit Alabama courts to exercise in personam jurisdiction over them, assertion of such jurisdiction over the parties would be inconsistent with "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316, 66 S.Ct. 154. Therefore, the default judgment is void.

IV. Conclusion
The default judgment in favor of Full Circle is void, and the trial court, therefore, did not err in granting the Rule 60(b)(4) motion seeking to set aside that *646 default judgment. We therefore deny Full Circle's petition for the writ of mandamus.
PETITION DENIED.
HOUSTON, SEE, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., dissents.
JOHNSTONE, Justice (dissenting).
I would think that the case, like the one now before us, of a defendant which has been sued and has been validly served with process and thereby actually notified of the suit would logically and especially justify the reasonable-time requirement of Rule 60(b), Ala.R.Civ.P., for that defendant's Rule 60(b)(4) challenge to the sufficiency of that defendant's contacts with the forum state for in personam jurisdiction. The failure of a defendant which has received valid service and actual notice to assert within a reasonable time that it does not have sufficient contacts with the forum state to support in personam jurisdiction should be deemed a waiver of the want of personal jurisdiction. Otherwise, such a defendant can delay its challenge to in personam jurisdiction until the applicable statute of limitations bars the plaintiff from suing in a forum that can obtain in personam jurisdiction over the defendant or until the plaintiff suffers some other substantial prejudice.
The defendants in the case before us do not deny that they were in fact named as defendants in the plaintiff's suit or that they were served with process by certified mail or that they were thereby actually notified of the plaintiff's suit. While one of the defendants contends that the plaintiff meant to sue another entity with a similar name, neither defendant denies that the plaintiff actually did sue each one of these very defendants and did obtain a judgment against each as named in the suit. The wrong-entity contention would be a defense to the merits of the suit not now before us.
The reasonable-time requirement of Rule 60(b) is a procedural requirement for contesting and determining whether a default judgment is a nullity. Thus, this requirement is entirely appropriate to our rule-making power as it applies to defendants which have received valid, actual service of process and notice of suit.
Therefore, I respectfully submit that this Court should not abolish the reasonable-time requirement of Rule 60(b) for challenges to in personam jurisdiction by such defendants. Accordingly, I further respectfully submit that this Court should apply a reasonable-time analysis to these defendants' long and unexplained delay in even acknowledging the suit. Thus, I respectfully dissent.
NOTES
[1] Rule 4.2(a)(3), Ala. R. Civ. P., defines "person" to include "an individual, that person's executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity."