PITTMAN, Judge.
Robert Anders (“the employee”) appeals from a summary judgment entered by the Madison Circuit Court in a proceeding seeking review of an order of the Department of Industrial Relations (“DIR”) denying the employee’s claim for unemployment-compensation benefits for the week of April 6-12, 2003. We affirm.
The record reveals that the employee was laid off from his previous employment in Louisiana on Friday, April 4, 2003; on that day or the day before, the employee says, he was informed by a representative of Louisiana’s unemployment-compensation agency that he should wait for one week to request an award of unemployment-compensation benefits. The employee did not work during the week of Sunday, April 6, through Saturday, April 12, 2003, and he filed a claim with DIR for unemployment-compensation benefits via telephone on Monday, April 14, 2003.
At the time of his initial claim, the employee was sent a booklet entitled “Alabama Unemployment Compensation— Telephone Call Centers — Benefit Rights and Responsibilities.” Part Five of that booklet provides, in pertinent part, that a claimant for unemployment-compensation benefits must file an initial claim application by dialing a particular central toll-free telephone number; in contrast, Part Six of that booklet states that subsequent “weekly benefit certifications” are to be made through a separate system, the “Alabama Claim Line,” which involves calling one of several local telephone numbers assigned to particular areas of the state. With respect to these weekly benefit-certification telephone calls, the booklet states, in pertinent part:
“FILING YOUR WEEKLY CLAIM
“To file your weeMy claim certification, you must call each week by -touch-tone telephone. You can only file on a week-to[-]week basis to claim the prior week.”
Although the employee requested, during the telephone call in which he made his initial claim for benefits, that he receive benefits for the week of April 6-12, 2003, a DIR examiner determined that no benefits were due with respect to that week. The employee appealed from that determination to DIR’s Hearing and Appeals Division; however, the examiner’s decision was upheld, and DIR’s Board of Appeals denied the employee leave to seek further administrative review.
In August 2003, the employee sought de novo judicial review of DIR’s decision (see Ala.Code 1975, § 25-4-95) by timely filing a complaint in the Madison Circuit Court naming DIR’s director and his former employer as defendants. In September 2003, the employee’s former employer was dismissed as a party. After DIR had answered the employee’s complaint, the employee filed a motion for a summary judgment, asserting that the above-quoted language in the booklet he had received compelled a conclusion that he was entitled to unemployment benefits for the week of April 6-12, 2003. The employee’s motion was supported by his affidavit and by a copy of the booklet that he had received from DIR. DIR filed a response to the employee’s motion in the nature of a cross-motion for a summary judgment, averring that under Alabama statutes and rules, the employee could not properly claim benefits for the week preceding his initial claim. DIR’s motion was supported by an affidavit of its deputy chief of benefits and copies of two regulations, Ala. Admin. Code rr. 480M-3-.08 and 480-4-3-.12 (Dep’t of Indus. Relations). DIR also transmitted the administrative record to the trial court clerk. The trial court denied the employee’s summary-judgment motion and entered a summary *1014 judgment in favor of DIR; the employee appeals from the summary judgment.
“Under Rule 56(c)(3), Ala. R. Civ. P., a trial court is authorized to enter a summary judgment when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Because the pertinent facts in [this case] are undisputed, we review the trial court’s application of law to those facts to determine whether the defendant was entitled to a judgment as a matter of law. See Carpenter v. Davis, 688 So.2d 256, 258 (Ala.1997). We review the trial court’s judgment under a de novo standard. See Hipps v. Lauderdale County Bd. of Educ., 631 So.2d 1023, 1025 (Ala.Civ.App.1993).”
Menendez v. COLSA, Inc., 852 So.2d 768, 770 (Ala.Civ.App.2002).
On appeal, the employee again contends that he is entitled to unemployment compensation for the week of April 6-12, 2003. He relies upon Ala.Code 1975, § 25-4-77(a), which was relied upon by DIR’s Hearings and Appeals Division in its order upholding the examiner’s decision; that section provides that an unemployed person shall be eligible to receive benefits with respect to any particular week only if the director of DIR finds that that person “has made a claim for benefits with respect to such week in accordance with such regulations as the director may prescribe.” Ala.Code 1975, § 25-4-77(a)(l). In response, DIR argues, among other things, that r. 480-4-3-12(1), Ala. Admin. Code (Dep’t of Indus. Relations), which was first made effective in September 1982, supports its conclusion; that regulation provides that a “week of total or part-total unemployment shall consist of the calendar week period for which he/she first registers in person at a local employment office and files a claim for benefits and thereafter each calendar week for which he/she files [a] claim” (emphasis added). To like effect is r. 480-4-3-.08(l)(a), Ala. Admin. Code (Dep’t of Indus. Relations), which provides that an unemployment-benefits claimant “shall report in person to the local office of the Unemployment Compensation Agency most accessible to him/her and shall file a claim for benefits” and that such a claim generally “shall be effective as of the first day of the calendar week in which the claimant reported and filed a claim”; that regulation has apparently remained in force, without substantial change, since December 1984.
To be sure, from the record in this case, DIR’s regulations appear not to precisely match DIR’s current claim practices. It is undisputed that the employee made his claim application telephonically on April 14, 2003, and Part Five of the booklet sent to him by DIR (which bears a revision date of July 2002) expressly states that “[y]ou must file your unemployment compensation claim through our Telephone Call Centers” and that “[y]ou can no longer file your claim in-person at an Employment Security Office.” That booklet, however, also distinguishes between an individual’s initial claim application (which is addressed in Part Five) and weekly claim certifications (which are addressed in Part Six). Only with regard to weekly claim certifications is an unemployment-compensation claimant informed that he or she can “file ... to claim the prior week”; initial claim applications, such as the employee’s April 14, 2003, request, are not encompassed within the provisions of the booklet upon which the employee has relied. That conclusion draws further strength from the booklet’s definition of “benefit year” as “the 52-week period during which you can claim benefits, beginning with the week you file your initial claim ” (emphasis added).
*1015 While the two regulations upon which DIR has principally relied envision that a claimant must file an in-person application, rather than a telephonic application, in order to initiate payment of unemployment-compensation benefits, the regulations also provide that an initial application to receive such benefits is referable to the first day of the week in which the application is made. Here, the employee first requested unemployment-compensation benefits on Monday, April 14, 2003, after the week of April 6-12, 2003, had already elapsed. DIR has interpreted rr. 480-4-3-.08 and 480-4-3-.12, Ala. Admin. Code (Dep’t of Indus. Relations), as barring a claimant from seeking benefits for a week prior to the calendar week in which that claimant has first applied for unemployment-compensation benefits, regardless of the means of the claim application. Because DIR’s interpretation of its own regulations is not plainly erroneous or inconsistent with the regulations themselves, this court must give substantial deference to that interpretation. See Brunson Constr. & Envtl. Servs., Inc. v. City of Prichard, 664 So.2d 885, 890 (Ala.1995).
Under Ala.Code 1975, § 25-4-77(a)(l), for unemployment-compensation benefits to be payable with respect to a particular week, a claimant must “ma[k]e a claim for benefits with respect to such week in accordance with such regulations as the director may prescribe.” DIR determined that the employee’s claim application, to the extent that he sought unemployment-compensation benefits for the week of April 6-12, 2003, did not comply with DIR’s regulations, and the trial court agreed with that determination. We conclude that DIR’s position is consistent with its regulations and, therefore, is consistent with § 25 — 4—77(a)(1). We therefore do not address DIR’s alternative argument that its determination is mandated by § 25-4-3, Ala.Code 1975, which provides generally that the term “ ‘[bjenefit year’ ... means the one-year period beginning with the first day of the first week with respect to which an individual who is unemployed first files a valid claim for benefits.”
The employee additionally argues that r. 480-4-3-.32(2)(g)l., Ala. Admin. Code (Dep’t of Indus. Relations),[1] if “interpreted liberally,” would have allowed him to file a claim for unemployment benefits for the week of April 6-12, 2003, on Monday, April 14, 2003. However, the record does not reflect that the employee presented that argument in the trial court. “An appellant may not on appeal seek reversal of a trial court’s judgment on the basis of an argument not presented to the trial court.” Improved Benevolent & Protective Order of Elks v. Moss, 855 So.2d 1107, 1111 (Ala.Civ.App.2003).
Based upon the foregoing facts and authorities, the judgment of the Madison Circuit Court is affirmed.
AFFIRMED.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
YATES, P.J., concurs in the result, without writing.

. That regulation provides: "Should the last calendar day for filing, reporting, registering, or filing an appeal fall on a Saturday, Sunday, or state holiday or other office closing the period is extended to the next following business day.”